**WARNING LITES COMPANY, Inc.**

v.

**S. H. LEGGITT et al.**

**Civ. A. No. 3252.**

United States District Court
W. D. Texas,
San Antonio Division.
April 11, 1963.

Teairl W. Lewis, Morriss, Morriss, Boatwright & Lewis, San Antonio, Tex., for plaintiff.

Price R. Ashton, Ashton, Allen & Smith, Austin, Tex., for defendants.

SPEARS, Chief Judge.

This case involves the order of taking depositions under Rule 26 of the Federal Rules of Civil Procedure.

Plaintiff claims a patent infringement and unfair competition on the part of the defendants. Service of the summons and complaint was completed on March 12, 1963.

On March 27, 1963, the attorney for the defendants sent plaintiff's attorney a plea in abatement and an answer, and, in an accompanying letter, wrote that: "(W)e would like to take Mr. Holmgreen's deposition if this is agreeable." The "Mr. Holmgreen" referred to is W. E. Holmgreen, Jr., president of the plaintiff corporation.

A few days later counsel for plaintiff and defendants had a long distance telephone conversation which resulted in a misunderstanding between them. Plaintiff's counsel thought he had made it clear that he would produce Mr. Holmgreen, provided he was first afforded the oportunity to take the deposition of the defendant S. H. Leggitt; whereas, defendants' counsel had concluded that it was agreeable with opposing counsel for him to take Mr. Holmgreen's deposition first, without the necessity for giving formal notice, in return for his agreement to waive the same formalities as to notice with respect to Mr. Leggitt. Plaintiff's counsel did, however, request that the depositions be taken on April 18 and 19, 1963, in order to accommodate out of state counsel, and advised defendants' counsel that he had to have an answer by Thursday, April 4, 1963, in order to protect those dates. Defendants' counsel insists that he did not have in his possession certain documents plaintiff wanted produced at the same time Mr. Leggitt's deposition was to be taken, and that, as a consequence, he was not in a position to set a definite date for the taking of the Leggitt deposition until this material (which actually did not arrive until April 5) had been obtained.

By letter to defendants' counsel dated April 1, 1963, plaintiff's counsel referred to the telephone conversation and said, in part: " * * *, we will be agreeable to arranging so you may take Mr.

Holmgreen's deposition at some early date if at the same time we can take Mr. Leggitt's deposition." In addition, the letter requested an answer as to whether or not the dates of April 18 or 19 were agreeable "not later than Thursday of this week".

When no response had been received from defendants' counsel by Thursday, April 4, a notice was served on Mr. Leggitt to take his deposition in San Antonio, Texas at 10:00 A.M. on April 18, 1963. A copy of the notice was immediately mailed to defendants' counsel in a letter explaining that the notice became necessary in order to tie down the dates of April 18 and 19, and advising that Mr. Holmgreen would be available for the taking of his deposition on Monday, April 22, 1963. This letter was received by defendants' counsel on April 5, 1963.

On April 6, 1963, a notice was issued to take the deposition of W. E. Holmgreen, Jr., in Austin, Texas, at 10:00 A.M. on April 15, 1963. It was served on plaintiff's attorney on April 8, 1963. Immediately thereafter, plaintiff's counsel filed a motion to postpone the taking of the Holmgreen deposition until after the Leggitt deposition had been completed, on the ground that plaintiff's notice to take the Leggitt deposition was filed and served prior to the filing and serving of the notice to take the Holmgreen deposition.

■ The rules are silent as to the order in which depositions are to be taken, but there is substantial case authority for the proposition that, as a general rule, the party who *serves* his notice first is entitled to priority, even though the notice served later specifies an earlier time for examination. 2A Barron & Holtzoff (Wright) § 643.1, at 42. However, this practice is not inflexible and may be varied in particular cases. 4 Moore's Fed.P. § 26.13, at 1148 (2d ed. 1950).

■ It is an accepted practice in this district for attorneys to make an effort to agree among themselves for the taking of depositions before resorting to the giving of formal notice. This enables them to make arrangements that will suit the convenience of all interested persons. It is a very commendable procedure and one that should be encouraged. In determining, therefore, the order in which depositions are to be taken when this practice is followed, the party who through his attorney in good faith informally demands the taking of a deposition, is entitled to the same priority a formal notice served at the same time would have given him, unless, of course, special circumstances requiring a variance of this rule are shown to exist.

In the instant case it is true that plaintiff's counsel did not have to voluntarily produce Mr. Holmgreen, but, by the same token, he could not have indefinitely forestalled the taking of his client's deposition. Before agreeing to waive the formalities of notice he was justified in demanding from defendants' counsel like treatment with respect to the Leggitt deposition. But there is nothing here to show that there was a meeting of the minds to the effect that the order of priority would be reversed.

■ When plaintiff's counsel had heard nothing from defendants' counsel by the deadline date of April 4, he acted properly in having the notice served on Mr. Leggitt in order to protect the dates of April 18 and 19. However, in view of the obvious misunderstanding between counsel, that notice to Mr. Leggitt would not take precedence over the prior informal request to take the deposition of Mr. Holmgreen contained in the letter of March 27, particularly since both attorneys were acting in good faith, and there are no special circumstances present to require a variance of the rule.

The motion to postpone the taking of the oral deposition of W. E. Holmgreen, Jr., is, therefore, overruled.