The SOLOMON R. GUGGENHEIM FOUNDATION, Plaintiff,

v.

The STATE NATIONAL BANK OF CONNECTICUT, Edward W. Proudman and Francis P. Schiaroli, as Executors of the Last Will and Testament of Hildegard Von Rebay Von Ehrenwiesen (also known as Hilla Rebay), Defendants.

Civ. No. 12515.

United States District Court
D. Connecticut.

June 21, 1968.

John F. Lambert and C. Driscoll Grimes, of Hirschberg, Pettengill & Strong, Greenwich, Conn., for plaintiff.

Warren W. Eginton and John F. Spindler, of Cummings & Lockwood, Stamford, Conn., for defendants.

TIMBERS, Chief Judge.

Defendants, The State National Bank of Connecticut, Edward W. Proudman and Francis P. Schiaroli, as Executors of the Last Will and Testament of Hildegard von Rebay von Ehrenwiesen (also known as Hilla Rebay), having moved pursuant to Rule 30(b), Fed.R.Civ.P., for a protective order and having moved for production of documents under Rule 34, Fed.R.Civ.P., and having made objections to plaintiff's interrogatories, and plaintiff, The Solomon R. Guggenheim Foundation, having moved pursuant to Rule 30(b), Fed.R.Civ.P., for a protective order and having moved for an order requiring defendants to produce and to permit plaintiff to inspect, copy, and photograph certain items in defendants' possession or control; and

The Court having heard argument of counsel, having received and considered the motions, briefs, affidavits, exhibits, pleadings and all papers on file; and

The Court being of the opinion that defendants' motion for a protective order that all discovery proceedings by plaintiff be postponed until completion of discovery proceedings by defendants, or

until further order of the Court, should be granted for the reasons that

(1) Defendants commenced their discovery proceedings by notice of deposition served May 8, 1968, fifteen days after commencement of this action, thereby obtaining priority of discovery under the usual practice followed in this District. There is a question, however, whether the usual rule of priority relates only to depositions or whether it also includes other means of discovery. For this reason, defendants' motion for priority should not be determined solely by the usual rule of priority of deposition, but also by this Court's determination, on the facts of this particular case, as to the order of discovery which will best facilitate the prompt prosecution of this action and the orderly administration of justice.

(2) In this action plaintiff Foundation seeks relief with respect to a large number of paintings and art objects allegedly belonging to plaintiff which are claimed to have been in the possession of Hilla Rebay, a former curator and director of plaintiff, at the time of her death or to have been transferred by Miss Rebay to persons unknown prior to her death. Plaintiff's motion for inspection, copying and photographing seeks to have defendants produce all paintings, sculptures and art objects in their possession and to produce all appraisals of such art works, in order to aid in determining which specific items in defendants' possession are included in plaintiff's claims. The discovery sought by defendants concerns the relationship and dealings between Miss Rebay, Solomon R. Guggenheim, and the Foundation; this information relates to the basic issue of liability. Defendants also seek to ascertain, before plaintiff has the opportunity to inspect the art works in defendants' possession, the extent of plaintiff's present knowledge as to the specific items which are the subject of plaintiff's claims and the means for identifying such items.

In view of this situation, the Court believes that it is preferable to allow defendants to complete their discovery concerning the basic issue of their liability and the validity of plaintiff's general claims before plaintiff embarks on the time-consuming and expensive process of having every art object in defendants' possession produced for inspection, copying and appraisal. It is possible that the information developed concerning the essential claims of liability may render unnecessary to some extent this process of inspection. Also, allowing defendants to complete their discovery first may mean that both plaintiff and defendants can carry out a full inspection of these art objects at the same time and may eliminate any need for a further inspection by defendants in light of information obtained, during defendants' discovery, with regard to such matters as identifying marks used by plaintiff or any specific items which plaintiff claims were in Miss Rebay's possession. Furthermore, it appears desirable to allow defendants to question plaintiff's agents on these matters before plaintiff carries out its inspection of the art works in defendants' custody. Certainly there is no reason to believe, and no one has suggested, that the Foundation's trustees or agents would falsely claim a right to any art works as a result of their inspection of the works in defendants' possession. It will be better, however, if the record accurately reflects which art works can be specified as belonging to plaintiff through the independent recollection of plaintiff's agents and which art works can be identified as belonging to plaintiff only after an inspection of the works themselves. For these reasons, the Court believes that it would be in the interests of the orderly administration of justice to allow defendants to complete their discovery before plaintiff commences discovery proceedings. Of course, if defendants delay completing their discovery proceedings, plaintiff may apply to the Court for a further order; and

The Court being of the opinion that defendants' motion for production of documents should be granted, for the reasons stated above and for the reason that the documents requested constitute or contain evidence relevant and material to matters involved in this action and defendants have shown good cause for the production thereof, except that production of the documents referred to in requests numbered 4 and 5 shall be required only to the extent that such documents contain any material relating to any matter involved in the present cause of action; and

The Court being of the opinion that defendants' objections to plaintiff's interrogatories should be denied, without prejudice to renewal at such time as plaintiff is entitled to commence discovery proceedings, either by defendants' completion of discovery or by further order of the Court; and

The Court being of the opinion that plaintiff's motion for a protective order should be denied; and

The Court being of the opinion that plaintiff's motion for inspection, copying and photographing should be denied without prejudice to renewal at such time as plaintiff is entitled to commence discovery proceedings, either by defendants' completion of discovery or by further order of the Court; it is therefore

ORDERED that defendants' motion for a protective order that all discovery proceedings by plaintiff be postponed until completion of discovery proceedings by defendants or until further order of the Court be, and it hereby is granted; that defendants' motion for production of documents be, and it hereby is, granted except that production of the documents referred to in requests numbered 4 and 5 shall be required only to the extent that such documents contain any material relating to any matter involved in the present cause of action; that defendants' objections to plaintiff's interrogatories be, and they hereby are, denied without prejudice; that plaintiff's motion for a protective order be, and it hereby is, denied; and that plaintiff's motion for inspection, copying and photographing be, and it hereby is, denied without prejudice.