## DUBLIN DISTRIBUTORS, Inc. v. BREW-ING CORPORATION OF AMERICA et al.

District Court, S. D. New York.

May 6, 1948.

Godfrey & Marx, of New York City, for plaintiff.

Clark, Carr & Ellis, of New York City (Paul A. Crouch, of New York City, of counsel), for defendant Brewing Corporation of America.

HULBERT, District Judge.

This action was removed here from the New York Supreme Court, New York County, on or about Feb. 5, 1948, by the defendant Brewing Corporation of America, which thereafter interposed its answer to the complaint on or about Feb. 15, 1948.

Annexed to the answer were interrogatories propounded to the plaintiff to be answered under oath. See Federal Rules of Civil Procedure, rule 33, Title 28 U.S.C.A. following section 723c.

No objections were presented to the court and no copy of answers to said interrogatories were served on the moving defendant within the period specified in said Rule and no extension of time was requested and agreed to, except that on April 19th, 1948 the attorneys for the moving defendant did sign a stipulation extending the time of the plaintiff to answer said interrogatories to May 21st, 1948, but there was deleted from such stipulation the words "or move with respect to" said interrogatories. But thereafter, on April 23rd, 1948, plaintiff's attorneys served a notice of the taking of the deposition of the moving defendant by its President, or if no longer so employed, by its Assistant Sales Manager, on the 3rd day of May, 1948 before a Notary Public.

The defendant moves to vacate said notice, or in the alternative, to stay the examination pursuant to plaintiff's notice until the plaintiff has served its answers to the interrogatories.

It is urged by the plaintiff that it is necessary to examine the defendant in order that the plaintiff may answer said interrogatories. No facts are set forth to substantiate this contention. On the contrary, the elimination from the stipulation of April 19th of the words "or move with respect to" is rather persuasive that plaintiff sought the opportunity to comply with the requirements of Rule 33, F.R.C.P. without then disclosing that it had any realization of the necessity for or the intent to take the deposition of the moving defendant in order to answer said interrogatories.

Motion to stay the examination of the moving defendant will be granted until the plaintiff has answered the interrogatories in accordance with Rule 33, supra. Settle order on notice.