SHULMAN, Inc.

v.

Harold S. SHERTZ, Paul F. Barnes and Robert H. Shertz, individually and trading as Shertz, Barnes & Shertz, a Pennsylvania partnership.

Civ. A. No. 17205.

United States District Court
E. D. Pennsylvania.

April 18, 1955.

John B. Martin, Philadelphia, Pa., for plaintiff.

James F. Masterson, Philadelphia, Pa., for defendants.

WELSH, District Judge.

Notice having been given, the taking of the depositions of plaintiff's officers was commenced on July 27, 1954. At the close of that day said depositions were continued to August 3, 1954 and counsel for plaintiff informally agreed to produce records requested by counsel for defendants. On the latter date, further depositions were taken and counsel for plaintiff produced some of the records and explained that additional time would be required for the production of the rest of the records, except books of original entry.[1] And, it was agreed that the depositions be continued to a date later to be fixed by counsel, inasmuch as counsel were contemplating vacations. On January 26, 1955, nothing further having occurred concerning the further taking of depositions, plaintiff filed interrogatories to be answered by defendants.

Thereafter, on February 10, 1955, defendants filed this motion to dismiss plaintiff's interrogatories on the ground that plaintiff is not entitled to pre-trial discovery (answers to interrogatories) until defendants who first sought discovery (the depositions of plaintiff's officers) conclude the same.

■ The general rule is that discovery under the Federal Rules shall proceed in the order demanded.

Counsel for plaintiff recognizes the rule but contends defendants have abandoned their right of discovery, having for almost six months done nothing about fixing a date for the further taking of the depositions of plaintiff's officers.

■ The contention, we think, is without merit in view of the circumstances here present—the vacations of counsel and the common knowledge in court circles that counsel (particularly those participating herein) commencing with the fall session of Court are quite occupied for some time.

■ The rule that discovery under the Federal Rules shall be given in the order demanded, however, does not require the dismissal of plaintiff's interrogatories as sought by defendants' present motion; rather it requires that action on plaintiff's interrogatories be postponed until defendants have had an opportunity to conclude the taking of the depositions of plaintiff's officers.

An order directing that defendants' motion to dismiss plaintiff's interrogatories be denied and that action on plain-

1. Counsel for plaintiff now refuses to produce any of the records, and defendants as a result have moved for the production of same.

tiff's interrogatories be postponed until defendants have had an opportunity to conclude the taking of the depositions of plaintiff's officers will be prepared and submitted by counsel for defendants.