**COURT DEGRAW THEATRE,**
Inc., Plaintiff,

v.

**LOEW'S Incorporated et al., Defendants.**
Civ. A. No. 12921.

United States District Court
E. D. New York.

Jan. 29, 1957.

Louis Phillips, New York City, for defendant Paramount Pictures Corp., on behalf of counsel for all defendants.

E. Compton Timberlake and Bernard E. Kalman, New York City, for defendants' motion and in opposition to plaintiff's motion.

Sperry, Weinberg & Ruskay, New York City, for plaintiff.

Joseph A. Ruskay, New York City, of counsel in opposition to defendants' motion and for plaintiff's motion.

RAYFIEL, District Judge.

Both the defendants and the plaintiff have moved under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C. A., for the production, inspection and copying of various documents set forth in the moving papers.

■ The plaintiff agrees to produce all the documents requested by the defendants except various tax returns therein specified. It limits its objection to the demands for "14 Copies of federal income and admission tax returns and accompanying schedules and work sheets" and "28. Copies of all tax returns, including state unemployment, federal excess profits, withholding, social security, payroll and excise taxes and related documents, memoranda and supporting data."

The plaintiff contends that its income tax returns are privileged, that it has produced the books and records from which the returns were prepared, and that, in the absence of a showing that they are false, inaccurate, or incomplete, the plaintiff's tax returns are not a proper subject of discovery under Rule 34.

I disagree. The plaintiff brings this action for treble damages for alleged violations of the anti-trust laws, and thereby puts in issue its income for the period in question. The various tax returns can be used by the defendants to determine the accuracy of the figures obtained from the plaintiff's books and records.

The returns are not privileged and should be disclosed. See Connecticut Importing v. Continental Distilling Corporation, D.C., 1 F.R.D. 190.

■ As to the plaintiff's motion the defendants' objections are confined to two items, (1) the records pertaining to the Clinton and Tivoli Theaters, and (2) the records listed under item II of the notice of motion, namely, the so-called cutoff cards or other records showing, inter alia, the titles and dates of pictures exhibited, the license fees paid therefor, etc., in certain theaters, for the period between January 1, 1927 and December 31, 1937.

The plaintiff contends that the Tivoli and Clinton Theaters are approximately a mile from its theater, and that therefore the information it seeks respecting the motion pictures exhibited at those theaters is material and pertinent to its claim of discrimination. The defendants, on the other hand, argue that the seating capacity of each of said theaters is almost three times that of plaintiff's theater, and that they are located in an area too remote from it for consideration herein.

I am not impressed by defendants' argument. Disparity in size, standing alone, cannot justify the denial of access to such information. Further, the said theaters were located—the Tivoli has been demolished—less than a mile from that of the plaintiff, and served the same general clientele. The defendants will, therefore, furnish the plaintiff with the information sought under item (1) above.

■ I come now to plaintiff's request for the cutoff cards, etc., for the period running from January 1, 1927, to December 31, 1937. The period covered by the alleged violations runs from 1940 to 1947. I reject the plaintiff's contention that the documents in question, although remote in time from the dates of the alleged conspiracy, are material in that they will show the course of conduct of the defendants prior to the commencement of the alleged conspiracy. In my opinion records for the period commencing with 1938, two years before the commencement of the alleged conspiracy, will be sufficient to permit the plaintiff to prepare for trial. Accordingly, item (2) above is denied.

■ The defendants argue that since they served their interrogatories prior to plaintiff's service of its notice, they should not be required to make their documents and records available for inspection until plaintiff has answered

their interrogatories. They contend that the instant situation is analogous to that existing when cross-notices are served to take the depositions of adversary parties, in which case the party serving the earlier notice is generally permitted to conduct the prior examination. The cases are not analogous. There is no advantage in priority here, as there may frequently be in the taking of depositions. Furthermore, there is no reason why inspection by both parties may not proceed simultaneously.

Settle order on notice.