**EASTERN FIREPROOFING CO., Inc.**

v.

**UNITED STATES GYPSUM COMPANY, National Gypsum Company.**

Civ. A. No. 57–938.

United States District Court
D. Massachusetts.

Dec. 27, 1957.

See, also, D.C., 21 F.R.D. 292.

Endicott Peabody, Joseph M. Koufman, Peabody, Koufman & Brewer, Boston, Mass., for plaintiff.

G. D'Andelot Belin, Conrad W. Oberdorfer, Maurice H. Richardson, Robert Proctor, Boston, Mass., for defendant U. S. Gypsum.

ALDRICH, District Judge.

This is a private treble damage action for violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C.A. §§ 1, 2. The complaint, alleging damages in the amount of $975,000 (single), was filed on September 24, 1957. On October 9 the time to answer or otherwise plead was extended by the court, on consent of the plaintiff, to December 2nd. On November 7 the defendant [1] filed extensive interrogatories to the plaintiff. On November 13 plaintiff filed interrogatories to the defendant. On November 18 plaintiff filed extensive objections to defendant's interrogatories, and on November 22 defendant filed objections to plaintiff's. On consent of the parties the court has ordered that the interrogatories which were not objected to need not be answered until further order of court. Such further order has not yet been made. On December 9 the court heard the objections of both parties, and took them under advisement. They have been passed on this day. There is now pending a motion by plaintiff that all answers of both parties be filed and exchanged simultaneously. The court has express power under Rule 30(b), Fed. Rules Civ.Proc. 28 U.S.C.A. to grant such a motion. The defendant opposes, on the ground that it should not lose the advantage of the priority in time it had gained by its "diligence."

I confess that my first reaction with regard to plaintiff's motion was to deny it, on the analogy of the generally-recognized "first served, first come" deposition rule. But on reflection it seems to me that each case must be considered in relation to its own problems. Normally only one deposition can proceed at a time, and it is logical that the one who first serves notice should be the one to have the priority. But what advantage should defendant here receive from having first served interrogatories? Obviously it is not speed in disposing of the case. Nor am I impressed by its self-styled diligence. What defendant did was to obtain a courtesy from the plaintiff to extend for seven weeks what was otherwise its obligation to do, and employ that time to beat plaintiff to the draw by six days in the preparation of interrogatories.

Plaintiff's interrogatories to defendant do not appear such that plaintiff's answers to defendant's interrogatories are substantially needed to enable defendant to reply. Without in any way implying that this is its purpose, the only material advantage that it seems to me defendant could gain from examining plaintiff's answers before filing its own would be to learn how much plaintiff presently knows, or does not know. Having in mind that anti-trust violations are normally secret, as well as difficult to prove, this would not be an advantage to be fostered.

Under the circumstances it is ordered that both parties shall answer all interrogatories to which objections have not been sustained, on or before January 31, 1958, and file the answers with the clerk in sealed envelopes, without serving copies on the other side. When both parties have answered I will open the envelopes and, unless the answers appear plainly inadequate, notify the parties to make service.

[1]. Only the defendant United States Gypsum Company is involved in this opinion.