**DOW CHEMICAL COMPANY, a corporation, Plaintiff,**

v.

**STAUFFER CHEMICAL COMPANY, a corporation, Defendant.**

**Civ. A. No. 2246.**

United States District Court
D. Delaware.

Oct. 5, 1960.

Edmund D. Lyons, Morris, James, Hitchens & Williams, Wilmington, Del.; and Merriam, Smith & Marshall, Chicago, Ill., of counsel, for plaintiff.

Arthur G. Connolly and John A. Sarjeant, Connolly, Bove & Lodge, Wilming-

ton, Del.; and Vincent H. O'Donnell and Robert H. Eckhoff, San Francisco, Cal., of counsel, for defendant.

RODNEY, Senior District Judge.

This matter involves cross motions for protective orders concerning the taking of depositions. The facts are as follows.

The complaint was filed August 29, 1960. On September 9, 1960 interrogatories were propounded by plaintiff to be answered by defendant. The time for answers to these interrogatories has by stipulation been extended to November 30, 1960. On September 14, 1960 defendant served notice for the taking of depositions of certain witnesses. On September 19, 1960 plaintiff served notice for the taking of depositions. The present motions then followed. The motion of plaintiff is to vacate the notice of depositions served by defendant upon the express ground that plaintiff is entitled to priority in taking depositions by reason of its interrogatories first filed. Defendant, claiming priority of notice of depositions, moved to vacate plaintiff's notice, or in the alternative, to stay plaintiff's depositions until the completion of the depositions of defendant.

There is here presented the narrow question as to whether an antecedent set of interrogatories filed by plaintiff eleven days after the institution of suit can operate as a foundation giving priority to a notice to take depositions filed by such plaintiff subsequent to a similar notice filed by defendant. I think the interrogatories filed can have no such effect and these are my reasons for so concluding.

By Rule 26(a) F.R.Civ.P., 28 U.S.C. plaintiff cannot file, as of right, notice for depositions until twenty days after the commencement of the action. Defendant, however, has no such limitation of time and can file his notice for depositions at any time even within those twenty days. A few months after the promulgation of the Rules in 1938 it was evidently thought incongruous for depositions noticed by plaintiff and depositions noticed by defendant to be conducted at the same time, and it was determined priority should be given to the depositions first noticed.[1] This rule of priority given to notices of depositions first filed is of almost universal acceptation.[2]

In the District of New York (where most of the cases have arisen) it is said, "In this district [S.D.N.Y.], absent special circumstances, priority always is given to the party who first serves the notice of examination."[3]

This rule exists in Delaware.[4] As indicated in E. I. Du Pont De Nemours & Co. v. Phillips Petroleum Co. the rule is not an inflexible one and will be varied when special circumstances require it. It has been held that when such special circumstances exist, it may be determined that each party in turn may proceed and have priority for a stipulated time.[5] The mere desire of a plaintiff to proceed first does not constitute such special circumstances. An example of such circumstances is where a subsequent notice for depositions relates solely to the question of jurisdiction or venue.[6] In the present case plaintiff's claim to priority for tak-

1. Grauer v. Schenley Products Co., Inc., D.C.S.D.N.Y.1938, 26 F.Supp. 768.

2. 4 Moore's Fed.Prac. 2nd Ed., Par. 26.13, p. 1058; 2 Barron & Holtzoff Fed.Prac., Sec. 643, p. 283; 7 Cyc. of Fed.Procedure, Sec. 25.245, p. 297 et seq.

3. Schilling-Hillier S. A. Industrial E. Comercial v. Virginia-Carolina Chemical Corp., D.C.S.D.N.Y.1956, 19 F.R.D. 271, 274.

4. Fox v. Warner Bros. Pictures, Inc., D.C., 12 F.R.D. 202; E. I. Du Pont De Nemours & Co. v. Phillips Petroleum Co., D.C., 23 F.R.D. 237.

5. Caldwell-Clements, Inc. v. McGraw-Hill Pub. Co., D.C.S.D.N.Y.1951, 11 F.R.D. 156.

6. Deep South Oil Co. of Tex. v. Metropolitan Life Ins. Co., D.C.S.D.N.Y.1958, 21 F.R.D. 340.

ing depositions is based upon the interrogatories first filed.

If this claim is accepted, it would, in effect, change all the decisions concerning priority. Since interrogatories can be filed by plaintiff ten days after commencement of the action a priority to take depositions based on such interrogatories would give to the plaintiff a priority to take depositions after ten days from the institution of the suit. This would reduce defendant's opportunity to acquire priority, under Rule 26(a), from twenty days to ten days. And where service of process is delayed it would reduce such opportunity much further.

In the present case the complaint was filed August 29, 1960. Service was not made until September 6. If plaintiff could file interrogatories on September 9 and these interrogatories could establish a priority to a later notice to take depositions, then the opportunity to acquire priority, exercisable by defendant within 20 days, and tacitly applying under Rule 26(a), would be reduced to two or three days. This result, if allowable under Rule 33, would be equally true under Rule 36.

It will be noted that methods of discovery other than by depositions, viz., interrogatories to parties by Rule 33, notices for production under Rule 34, or admissions under Rule 36, all relate to parties alone. As to these there does not seem any necessity for priority and proceedings may be conducted concurrently.[7]

The flexible rule of priority has its limitations, and I believe is only applicable to notices under Rule 26 regarding oral depositions. The rule of priority is not applicable, I think, under any other rule of discovery.

The motion of plaintiff to vacate the notice of depositions served by defendant is denied.

The motion of defendant to vacate the notice served by plaintiff is also denied. The alternative motion of defendant that plaintiff's notice for depositions be stayed until defendant has completed the taking of its depositions is granted. This does not mean defendant can conduct its depositions as it chooses. There must not be any harassment, unreasonable delay or procrastination, and if these should occur, plaintiff may move for a reconsideration of the taking of depositions.

Appropriate orders may be submitted.

---

7. Eastern Fireproofing Co. v. United States Gypsum Co., D.C.D.Mass.1957, 21 F.R.D. 290; Court DeGraw Theatre, Inc. v. Loew's Inc., D.C.E.D.N.Y.1957, 20 F.R.D. 85.