**UNITED STATES of America,**
**Plaintiff,**

v.

**TIME, INC. and Select Magazines, Inc.,**
**Defendants.**

United States District Court
S. D. New York.
July 17, 1962.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, New

York City (Eugene R. Anderson, Asst. U. S. Atty., of counsel), for plaintiff.

Whitman, Ransom & Coulson, New York City, Cravath, Swaine & Moore, New York City, for defendants.

CROAKE, District Judge.

Defendant, TIME, INC., moves for an order pursuant to Rule 30(b) of the Federal Rules of Civil Procedure, 28 U.S. C.A. vacating plaintiff's notice of examination before trial of certain of its corporate officers. Plaintiff moves for an order pursuant to Rule 33 of the Federal Rules of Civil Procedure extending the time within which plaintiff may answer or object to interrogatories propounded by defendant.

The United States, upon request of the Federal Trade Commission brings this action under 15 U.S.C.A. § 21(*l*) to recover civil penalties for violation of a final order to cease and desist issued by the Federal Trade Commission on June 20, 1960. Plaintiff alleges that defendant is now engaging in certain preferred payment practices with respect to certain retail outlets, and these payments constitute a violation of the cease and desist order.

Defendant urges that the Government should answer the propounded interrogatories prior to the commencement of any deposition of it by plaintiff. It contends that plaintiff has had access to all of its documents and that it has no knowledge of the alleged violation. It therefore urges that if plaintiff is directed to serve the answers to interrogatories prior to oral pre-trial examinations, defendant will be apprised of the questions to be asked and issues on oral examination will be limited. The Government urges that TIME, INC., has the necessary information and that pursuant to the new local Rule 4 of this court, its examination should not be stayed.

■ The granting of the relief requested by either party is in the sound discretion of this court. Although there is an order of priority between oral examinations, see 4 Moore's Federal Practice 1058 (1950) (and cases cited therein), there appears to be no applicable rule when parties seek discovery by different means as in this case. Notwithstanding this absence of an existing rule, common sense dictates that discovery techniques in a suit should not be conducted haphazardly without regard to the particular problems presented.

■ I have reviewed the complaint, affidavits and briefs, as well as the interrogatories propounded, in order to ascertain the procedure which would be appropriate. It appears that the complaint alleges specifically the eleven distributors whom the Government claims received preferential treatment. It appears to me that this is a starting point for conducting pre-trial examinations of the defendant. Further, the complaint appears to give adequate notice of the alleged violation. Specificity may be developed during the course of further discovery, but there appears to be no ambiguity or indefiniteness which would mandate plaintiff's answering interrogatories prior to the taking of deposition. If, as stated in the affidavit of defendant, counsel supervised the payment plan, it is hard to understand why the depositions cannot then proceed. Defendant's officers may answer questions as to their knowledge of the operations. Defendant alternately states that it would like to know what questions will be asked. I do not agree that plaintiff's answers to interrogatories will so limit the depositions. Interrogatories are but another form of taking testimony prior to trial. If defendant conducts an examination first, it surely cannot limit the scope of plaintiff's inquiry. It appears to me that both parties will be developing further information through discovery and that each should proceed to develop its case. Defendant is directed to submit to oral deposition at a time mutually agreed upon but within fifteen days of the filing of this memorandum.

■■ I am also of the opinion that plaintiff's request for an extension of time to answer the interrogatories is justified. Although there are only four interrogatories, each has many subcategories so that the group actually comprises eleven pages of requests for detailed information. I do not, however, agree with the Government's contention that local Rule 4 of this court covers this situation. This rule, by its language, refers only to concurrent oral examinations. I further assume that plaintiff has been diligent in gathering the information requested by defendant's interrogatories. I, therefore, direct that plaintiff should supply the answer to said interrogatories within ninety days of the last adjourned date, June 19, 1962.

So Ordered.