PROLER STEEL CORPORATION, Plaintiff,

v.

LURIA BROTHERS & COMPANY, Inc., Defendant.

Civ. A. No. 14675.

United States District Court S. D. Texas, Houston Division.

Jan. 21, 1964.

Butler, Binion, Rice & Cook, Houston, Tex. (John L. McConn, Jr., and Ned L. Conley), Houston, Tex., for plaintiff.

Baker, Botts, Shepherd & Coates, Houston, Tex. (Garrett R. Tucker, Jr.), Houston, Tex., and Brumbaugh, Free, Graves & Donohue (Eben M. Graves), New York City, for defendant.

INGRAHAM, District Judge.

This supplements memorandum dated September 17, 1963, reported D.C., 223 F.Supp. 87. This action is now before the court on defendant's motion to reconsider the court's prior action on defendant's motion to dismiss. Plaintiff, Proler Steel Corporation, originally filed a suit for declaratory judgment, alleging that defendant, Luria Brothers & Company, Inc., had begun construction of a plant in California which was designed to practice a process and with the intent of practicing such process so as to infringe plaintiff's Reissue Patent No. Re. 25,034. Defendant moved to dismiss the suit—raising objections as to both jurisdiction and venue. This was previously denied on all grounds, the court drawing a distinction between patent *infringement* and the *threat* of future infringement.

That disposition of the motion to dismiss, upon further consideration, is still felt to be proper. But the case no longer presents itself in the same light factually. At the time of argument on the previous motion, the defendant's plant in California had not commenced operations. Now, an affidavit filed by defendant on December 31, 1963, shows that on or about September 3, 1963, this plant did begin commercial operations. As a practical matter, with this change the question is no longer what *may* happen in the future, but rather, what is happening in the present. ' As defendant urges, it is no longer realistic to characterize plaintiff's suit as an action to prevent the defendant from pursuing a course of action allegedly designed to result in *future* infringement. The problem is acutely apparent when viewed in terms of the relief requested. It would be something even less than mechanistic for this court to enjoin the construction of a plant which has already been completed. And on the other hand, to enjoin the operations of the plant now would be to, enjoin a patent infringement—a remedy which this court should be unable to give in this particular case due to both jurisdictional and venue objections.

At the same time, plaintiff's contention is also correct. It is well settled that venue and jurisdiction are determined by the facts as they exist at the time the action is filed. Events occurring subsequent to the institution of a suit cannot ordinarily oust jurisdiction of the court once it has attached. E. g., St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Technically, this was not a suit for patent infringement when it was originally brought, and so far as jurisdiction and venue are concerned it remains a suit for declaratory judgment. But the plaintiff should now be in the position of being able to show actual rather than only threatened infringement, and any relief which might be afforded by this court would be tantamount to relief for patent infringement, regardless of the theory of the original complaint.

The most practical solution is for this court to decline jurisdiction. Jurisdiction under the declaratory judgment statute is discretionary with the court and does not confer an absolute right upon the litigant. Public Service Comm. of Utah v. Wycoff Co., 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952). And while the availability of remedial action through a suit for patent infringement does not defeat the jurisdiction of this court, it does bear upon the exercise of discretion to observe that the effect of granting the relief requested would now either be inappropriate or would supplant the more obvious and direct suit for patent infringement. Aetna Ins. Co. v. Busby, 87 F.Supp. 505 (N.D.Ala.1950).

The court, in its discretion, declines to accept jurisdiction. This suit will therefore be dismissed, but without prejudice to the plaintiff to bring an action for patent infringement in the appropriate forum. The clerk will notify counsel to draft and submit appropriate dismissal order.