STRUTHERS SCIENTIFIC AND INTER-NATIONAL CORPORA-TION, Plaintiff,

v.

GENERAL FOODS CORPORATION, Defendant.

Civ. A. No. 68-H-374.

United States District Court
S. D. Texas,
Houston Division.

On Motions to Dismiss, Transfer or Stay Proceedings June 13, 1968.

Memorandum July 17, 1968.

Fulbright, Crooker, Freeman, Bates & Jaworski, James F. Weiler, Houston, Tex., for plaintiff.

Vinson, Elkins, Weems & Searls, A. H. Evans, Houston, Tex., for defendant.

On Motions to Dismiss, Transfer or Stay Proceedings

INGRAHAM, District Judge.

This is a declaratory judgment proceeding in which the plaintiff seeks to have this court find that the process to be performed by defendant in its proposed Houston plant will infringe plaintiff's United States Patent No. 3,-381,302.

The cause is before the court on the following motions presented by defendant, General Foods Corporation: (1) To dismiss under Rule 12(b), Fed.R.Civ.P., for lack of jurisdiction, failure to state a claim on which relief may be granted and for improper venue; (2) In the alternative, if dismissal is denied, for transfer under 28 U.S.C. Sec. 1404(a) to the United States District Court for the District of New Jersey on the grounds that it is a more convenient forum; (3) In the event both of the above motions are denied, then for a stay of this action pending final determination of the companion infringement suit now before the New Jersey court and for a preliminary injunction restraining plaintiff from instituting additional legal actions against General Foods arising out of the subject matter of this litigation; (4) For an order extending the time for defendant to answer or object to plaintiff's pending interrogatories and directing that no further discovery be undertaken until

the pending motions are resolved. Defendant further moves that the time to answer the complaint filed herein be extended thirty days from the entry of an order by the court on these motions.

 With respect to the fourth motion, the parties have stipulated that defendant shall have ten days in which to answer or object to plaintiff's interrogatories and that it may have thirty days from the entry of an order on these motions to answer. By virtue of this stipulation, a portion of the fourth motion has been rendered moot and the court will not consider it. With regard to that part of the motion seeking an order staying further discovery by plaintiff during the pendency of these motions, the defendant's motion will be denied. This case gives every indication of developing into unduly protracted litigation and the court must resist every attempt to delay.

The remaining three motions, viz., to dismiss, transfer and stay, will be considered separately and in order.

### (1) *The Motion to Dismiss.*

Reduced to its essentials, the defendant's contention is that the complaint should be dismissed under Rule 12(b), Fed.R.Civ.P., because no justiciable controversy existed between the parties at the time this action was filed.

A brief recapitulation of the factual background of this litigation may be helpful in placing the issue under consideration in its proper context. On April 30, 1968, 302 was issued to the plaintiff and on the same day the case sub judice was filed. One day later, on May 1st, an action was filed in the United States District Court for the District of New Jersey charging General Foods with infringement of 302. The New Jersey case is, for all intents and purposes, a straight patent infringement action in which venue is based on 28 U.S.C. Sec. 1400(b) and which arises out of alleged acts of infringement committed at General Foods' Hoboken, New Jersey, plant. The patent involved both in this action and the New Jersey action relates to a method of de-waxing coffee extract, i. e., a process for the removal of insoluable waxy substances in order to prepare the extract for freeze concentration and drying.

The de-waxing process in question has been utilized under a limited licensing agreement between General Foods and Struthers by the former in the manufacture of "Maxim" coffee at its Hoboken plant. General Foods, however, is now constructing a plant for the manufacture of "Maxim" in Houston, Texas. Defendant has admitted that the Houston plant, when completed, will employ a process substantially identical to the one carried on at the Hoboken plant.

The thrust of defendant's argument is that because of its ignorance of the scope of plaintiff's patent application and its lack of awareness that a patent would issue on April 30th, and because of the short time between the issuance of the patent and the institution of this lawsuit, no controversy developed regarding whether the Houston plant would infringe plaintiff's patent before the instant suit was filed. This lack of opportunity to engage in any controversy, defendant continues, results in plaintiff having failed to comply with the "actual controversy" requirement of the Declaratory Judgment statute, 28 U.S.C. Sec. 2201. Defendant advances the same argument in its attempt to escape the application of the rule set out by this court in the first Proler case. (Proler Steel Corp. v. Luria Brothers & Co., Inc., 223 F.Supp. 87 (S.D.Tex. 1963).)

Considering the history of conflict between the parties concerning who invented the de-waxing process, defendant's contention that there was no controversy at the time this suit was filed ignores the realities. Defendant admits that it was advised over a year ago that plaintiff had applied for a patent on the de-waxing process. Moreover, as early as July 1966, defendant's executive vice-president wrote plaintiff to the effect that he was disturbed about the situa-

tion and that litigation seemed inevitable. In March of this year, General Foods indicated its awareness that a French patent covering the de-waxing process had issued and it suggested that a moratorium on the issuance of patents be agreed on. Plaintiff refused to agree to the moratorium on April 11th. Four days later, defendant's attorney wrote counsel for plaintiff and, after accusing plaintiff of acting in an "underhanded" manner, he stated:

> "In view of your position, we have no alternative but to take such steps as may be appropriate to protect General Foods' rights in this invention—and in such other inventions as Struthers may have learned from General Foods and on which it has sought patent protection or licensed third parties."

■ In this factual setting it would be naive to believe that there was no controversy between the parties at the time this action was instituted on April 30th. It is clear that this case presents "a real question of conflicting legal interests" and thus the test set out in the first Proler case, supra, is satisfied.[1] Accordingly, defendant's motion to dismiss will be denied.

One additional comment seems called for before passing on to the motion to transfer. In the event the Houston plant goes into production before this case is tried, the motion to dismiss will be reconsidered, if the defendant so moves. Proler Steel Corp v. Luria Brothers & Co., Inc., 225 F.Supp. 412 (S.D.Tex.1964).

(2) *The Motion to Transfer.*

Defendant has moved under 28 U.S.C. Sec. 1404(a) that this action be transferred to the United States District Court for the District of New Jersey so that it may be consolidated with the pending companion infringement action involving the same patent, the same parties and virtually the same issues. In support of the motion, defendant points out that the corporate headquarters of both parties and all the relevant documents are located in the metropolitan New York area. Additionally, defendant's employees who were associated with the development of the de-waxing process and who are presently utilizing the technique are located in Hoboken. Finally, General Foods avers that the patentees reside in Warren, Pennsylvania. Warren is approximately 300 miles from Newark, but 1300 miles from Houston.

In opposition, plaintiff draws the court's attention to the rule that plaintiff's choice of forum generally controls and to the fact that the witnesses connected with the construction of the Houston plant—which is the only plant directly involved in this case—are located within this district. Plaintiff further asserts that defendant has failed to carry its burden in favor of a change of venue in that it has not demonstrated the relevancy of the testimony of the Eastern witnesses nor of the documents located in the New York City area.

■ It is, of course, well settled that the movant has the burden of making a strong case for transfer. McKinney v. Southern Pacific Co., 147 F.Supp. 954 (S.D.Tex.1957).[2] In order to carry its burden of showing that the convenience of the witnesses would be served best by transfer, the movant must not only identify the witnesses in

---

1. Accord, Crowell v. Baker Oil Tools, Inc., 143 F.2d 1003 (9 C.A.), cert. denied, 323 U.S. 760, 65 S.Ct. 93, 89 L.Ed. 608 (1944); Dewey & Almy Chemical Co. v. American Anode, Inc., 137 F.2d 68 (3 C.A.1943); Eastman Kodak Co. v. Velveray Corp., 175 F.Supp. 646 (S.D. N.Y.1959); E. W. Bliss Co. v. Cold Metal Products Co., 137 F.Supp. 676 (N.D.Ohio 1955); Helene Curtis Industries, Inc. v. Sales Affiliates, Inc., 105 F.Supp. 886 (S.D.N.Y.), aff'd per curiam, 199 F.2d 732 (2 C.A.1952).

2. Accord, 10 A.L.R.2d, Later Case Service, Sec. 2.4, p. 1015 and cases there cited; Moore's Federal Practice, 2d Ed., Volume 1, Para. 0.145(5), p. 1778; and Morgan v. Illinois Central R. R. Co., 161 F.Supp. 119 (S.D.Tex.1958).

question, but also give an indication of what their testimony will be. 1 Barron and Holtzoff, Federal Practice and Procedure, Sec. 86.5 (Wright Ed.), and cases cited therein. Since defendant has failed to enlighten the court as to the substance of the testimony of the Eastern witnesses, the court is unable to determine its relevancy and, thus, the motion to transfer must be denied.

### (3) *The Motion to Stay and to Enjoin the Institution of Additional Legal Actions.*

■ As had been indicated previously, the court is anxious to avoid delay as much as possible in the determination of this lawsuit and, consequently, the motion to stay this proceeding pending the resolution of the New Jersey infringement action will be denied. Defendant has cited no authorities supporting the relief sought by this motion.

■ With regard to the motion to enjoin the institution of additional legal actions, the court is of the opinion that defendant has made an insufficient showing that additional legal actions are threatened and, accordingly, the motion will be denied. Rayco Mfg. Co. v. Chicopee Mfg. Corp., 148 F.Supp. 588 (S.D.N.Y.1957).

### *MEMORANDUM:*

On April 30, 1968, plaintiff filed its complaint herein seeking a declaratory judgment that the process to be performed in defendant's Houston plant will, when the plant is completed, infringe plaintiff's United States Patent No. 3,381,302. Reference is hereby made to the court's memorandum of June 13, 1968, for a more complete statement of the nature of the case and its factual background.

This cause is presently before the court on the following motions: (1) Plaintiff's motion to vacate defendant's notice of taking of depositions, and/or to stay, postpone or enlarge the time for taking of such depositions pending defendant's filing answers to plaintiff's interrogatories; (2) Plaintiff's motion to enjoin defendant from proceeding in action subsequently filed; (3) Defendant's motion for reconsideration or, in the alternative, that the order denying defendant's motion to dismiss be certified under 28 U.S.C. Sec. 1292(b), as immediately appealable.

(1) *The motion to vacate defendant's notice of taking of depositions, and/or to stay, postpone or enlarge the time for taking of such depositions pending defendant's filing answers to plaintiff's interrogatories.*

Plaintiff's motion is based on two grounds—first, that defendant's notice insufficiently describes the two groups of persons involved and, second, that plaintiff's interrogatories enjoy priority of discovery over defendant's notice of taking of depositions.

■ The first group of persons named in the notice consists of nineteen individuals. Plaintiff contends that these persons are insufficiently described in that their addresses were not provided. Defendant replies that the majority of the named individuals are plaintiff's employees and that the addresses of the remaining witnesses may be obtained during the course of deposing the employees.

Rule 30(a), Fed.R.Civ.P., provides, in part:

> "The notice shall state the time and place for taking the deposition and the name and address of each person to be examined, *if known* * * *."
> (Emphasis supplied.)

The italicized language indicates that there is no fixed requirement that the addresses of each deponent be supplied. Accordingly, the court is of the opinion that the failure to provide the addresses of the witnesses does not render the notice invalid or ineffective.

■ The second group of deponents is composed of, " * * * such other persons who have knowledge of the facts relevant to the subject matter of this action." It is obvious that this

catchall phrase does not adequately describe the persons whom defendant desires to depose and the plaintiff's motion to vacate this portion of the notice will be granted. Wagner Mfg. Co. v. Cutler-Hammer, Inc., 10 F.R.D. 480 (S.D.Ohio 1950). This ruling, however, shall not be construed to prevent defendant from deposing additional witnesses under its present priority, provided that defendant supplies plaintiff with the names or descriptions of the witnesses in time for plaintiff to prepare for cross-examination. 4 Moore's Federal Practice, para. 30.03(8), p. 2029 (1967).

The more substantial grounds advanced by plaintiff in support of its motion are that its interrogatories have priority of discovery and thus defendant's notice of depositions should be vacated, or at least stayed, until the interrogatories are answered. The interrogatories in question were served on May 10th while the notice of taking of depositions was not served until May 16th.

In determining the order in which depositions are to be taken, the general rule is that the party who first serves notice is entitled to priority. 2A Barron and Holtzoff Federal Practice and Procedure, Sec. 643(1), p. 42 (Wright Ed.1961); 4 Moore's Federal Practice, para. 26.13(1), p. 1147 (1962). The issue now before the court is whether the general rule of priorities applies to interrogatories under Rule 33, Fed.R.Civ.P. The answer must be in the negative.

While certain cases[1] have dogmatically applied the rule of priorities to all types of discovery proceedings, the more recent and better reasoned cases have limited application of the rule to notices of oral depositions under Rule 26, Fed.R.Civ.P.[2] The court is persuaded that the later cases represent the better view and I therefore rule that the failure to answer plaintiff's interrogatories provides no grounds for vacating or staying defendant's notice of taking of depositions. This holding is consistent with this court's longstanding rule that a plaintiff cannot be reluctant. B & S Drilling Co. v. Halliburton Oil Well Cementing Co., 24 F.R.D. 1 (S.D.Tex.1959). Plaintiff's interrogatories, however, should be answered forthwith.

2. *The motion to enjoin defendant from proceeding in action subsequently filed.*

The instant suit was filed in this court by Struthers on April 30, 1968. One day later, Struthers filed a patent infringement action in the United States District Court for the District of New Jersey, alleging that General Foods was infringing plaintiff's patent No. '302 at its plant in Hoboken, New Jersey. In a memorandum dated June 13, 1968, this court denied General Food's motion to dismiss or, in the alternative, to transfer or stay, and on the succeeding day Struthers withdrew its complaint in the New Jersey action and agreed to a voluntary dismissal without prejudice pursuant to Rule 41(a), (1), Fed. R.Civ.P. Five days later, on June 19, 1968, General Foods filed a declaratory judgment action in the United States District Court for the District of Delaware. In the first count of the Delaware complaint, General Foods sought a declaratory judgment that the patent in suit was invalid, unenforceable and not infringed by any of its

---

1. See, e. g., Shulman, Inc. v. Shertz, 18 F.R.D. 94 (E.D.Pa.1955); Colonial Airlines, Inc. v. Janas, 13 F.R.D. 199 (S.D.N.Y.1952), rev'd on other grounds, 202 F.2d 914 (2 C.A.1953); Holt v. The James Sheridan, 12 F.R.D. 72 (S.D. N.Y.1951); Dublin Distributors, Inc. v. Brewing Corp. of America, 8 F.R.D. 236 (S.D.N.Y.1948).

2. General Houses, Inc. v. Marloch Mfg. Corp., 239 F.2d 510 (2 C.A.1956); United States v. Time, Inc., 31 F.R.D. 179 (S.D.N.Y.1962); Dow Chemical Co. v. Stauffer Chemical Co., 26 F.R.D. 179 (D.Del.1960); Eastern Fireproofing Co. v. United States Gypsum Co., 21 F.R.D. 290 (D.Mass.1957); Court Degraw Theatre, Inc. v. Loew's, Inc., 20 F.R.D. 85 (E.D.N.Y.1957).

operations, either as conducted in Hoboken, or as will be conducted in Houston. In the second count, General Foods charged Struthers with unfair competition based on Struther's allegedly wrongful misappropriation of trade secrets.

Now before the court is Struther's motion for an order enjoining General Foods and its attorneys from taking any further action in the Delaware case until final judgment has been entered in the present case.

Struthers takes the position that the patent, the parties and the patent issues on infringement, validity and enforceability involved in count one of the Delaware case are the same as are involved in the instant case. Consequently Struthers continues, this court should enjoin prosecution of the Delaware action since this court's jurisdiction attached first.

 Though plaintiff's argument is superficially plausible, it is flawed in that it turns on an untenable assertion and thus the many cases cited by Struthers are not dispositive. Struthers asserts that the issues in this case and those in the Delaware case are the same. Such is not the fact. The only issue involved in this case is whether the process to be performed in General Food's Houston plant will, when the plant is completed, infringe plaintiff's patent. The Delaware litigation, in contrast, involves the additional issues of whether the process currently being conducted in Hoboken infringes plaintiff's patent and of unfair competition. Though General Foods admits that the process to be performed in Houston is essentially the same as the one being utilized in Hoboken, there is no assurance that the processes will be the same at the time the Houston plant is finish-

ed. The court takes judicial notice of the fact that technological processes are constantly being modified and improved, especially where new production facilities are concerned. In any event, the issue of unfair competition, which is a definite part of the Delaware case, is not present in the instant case. Plaintiff's argument that all of the issues "can be joined" in the present action is not only founded on speculation, but also is irrelevant.

 Since this case and the Delaware case manifestly embrace different issues, a resolution of one would not be determinative of the other, and it would be an abuse of discretion for this court to enjoin prosecution of the Delaware action.[3] Accordingly, plaintiff's motion to enjoin defendant from proceeding in action subsequently filed will be denied.

3. *The motion for reconsideration or, in the alternative, that the order denying defendant's motion to dismiss be certified under 28 U.S.C. Sec. 1292(b) as immediately appealable.*

Defendant's motion for reconsideration is, for the most part, nothing more than a rehash of arguments previously rejected by this court. This court is not persuaded that its original decision was erroneous and the motion for reconsideration will be denied.

 The one part of the motion which does contain something new is that part dealing with transfer under Sec. 1404(a), Title 28, U.S.C. Defendant has followed the court's suggestion and summarized the expected testimony of several "Eastern" witnesses. After carefully reconsidering the motion to transfer, the court is of the opinion that the fluidity of the situation in the East makes transfer inadvisable at the

---

3. See, e. g., Joseph Bancroft & Sons, Co. v. Spunize Co. of America, 268 F.2d 522 (2 C.A.1959); Triangle Conduit & Cable Co. v. National Electric Products Corp., 138 F.2d 46 (3 C.A.), cert. denied, 320 U.S. 784, 64 S.Ct. 191, 88 L.Ed. 471 (1943); American Security Co. v. Shatterproof Glass Corp., 166 F. Supp. 813 (D.Del.1958); aff'd 268 F.2d 769 (3 C.A.), cert. denied, 361 U.S. 902, 80 S.Ct. 210, 4 L.Ed.2d 157 (1959). Cf. Martin v. Graybar Electric Co., 266 F.2d 202 (7 C.A.1959).

present time. The problem is that even if this court were inclined to transfer this cause, it is not clear to which court it should be transferred. As was previously mentioned, the New Jersey case was dismissed on the initiative of the plaintiff. The defendant, however, has filed a motion to vacate the notice of dismissal. With regard to the Delaware case, the court has been informed that Struthers has filed a motion to dismiss. Thus, it is conceivable that by fall there will be no cases pending in the East. In these confused circumstances, it would be unwise to grant the motion to transfer no matter how meritorious it might be.

Turning now to defendant's motion that the order denying its motion to dismiss be certified under 28 U.S.C. § 1292(b) as immediately appealable—the court is of the opinion that the motion should be denied.

Defendant requests that the following questions be certified:

"(1) Whether an actual controversy as to the specific subject matter of the suit existed at the time the complaint was filed so as to give this Court declaratory judgment jurisdiction under 28 U.S.C. Sec. 2201?"

"(2) Whether a patent owner can escape the venue requirements for a patent infringement suit, 28 U.S.C. Sec. 1400(b), by filing an action seeking a declaratory judgment of prospective infringement basing venue on 28 U.S.C. Sec. 1391(c), the general venue statute?"

Putting aside the propriety of these questions, it is well settled that interlocutory appeals should be allowed only in exceptional cases. 1 Barron and Holtzoff Federal Practice and Procedure, Sec. 58.1 (Wright Ed.1960). This is but a statement of the general policy against piecemeal appeals. Nowhere in its brief does defendant contend that an interlocutory appeal would materially advance ultimate termination of the litigation. The court's opinion is that such an appeal would more likely tend to delay rather than advance termination of the litigation. The parties would be better advised to expend their energies completing discovery rather than taking appeals. The motion to allow an interlocutory appeal under Sec. 1292(b), Title 28, U.S.C., will be denied.