**Charles NEDD, Dominic Iero, Max Dynoski and Anthony Ganly, Members of the Pensioned Anthracite Coal Miners Protest Executive Committee, Suing on Behalf of Themselves and all Other Members of the Class of Pensioned Anthracite Coal Miners and Widows of Deceased Pensioned Anthracite Coal Miners, Plaintiffs,**

v.

**Emmett THOMAS, Nicholas J. Haydock and John D. Jillson, Trustees of the Anthracite Health and Welfare Fund, Defendants,**

and

**United Mine Workers of America, an Unincorporated Trade Union Association, Defendant.**

Civ. No. 8796.

United States District Court
M. D. Pennsylvania.

June 5, 1969.

James S. Palermo, Hazleton, Pa., Morgan, Lewis & Bockius, Philadelphia, Pa., for plaintiffs.

Charles A. Shea, Jr., A. Richard Caputo, Wilkes-Barre, Pa., for defendant Trustees.

Charles A. Wolfe, Thomas N. O'Neill, Jr., Philadelphia, Pa., James W. Scanlon, Scranton, Pa., Edward L. Carey, Washington, D. C., for defendant United Mine Workers of America.

## MEMORANDUM

NEALON, District Judge.

Before the Court is a motion by plaintiffs, Charles Nedd, Dominic Iero, Max Dynoski and Anthony Ganly (hereinafter referred to as Pensioned Miners), for a Protective Order pursuant to Rules 30(b) and 31(d) of the Federal Rules of Civil Procedure. The motion seeks a stay of the taking of certain depositions of the Pensioned Miners sought by defendant United Mine Workers of America (hereinafter referred to as Union), and postponement of answers to interrogatories propounded by defendant Union until thirty days after the filing of answers to plaintiffs' interrogatories submitted more than four years ago. Related motions have also been filed by the Union and defendants Emmett Thomas, Nicholas J. Haydock and John D. Jillson, Trustees of the Anthracite Health and Welfare Fund (hereinafter referred to as Trustees).

This case is before the Court on remand from the Third Circuit Court of Appeals, Nedd v. U. M. W. A., 400 F.2d 103 (3d Cir. 1968). The Circuit Court concluded that the Pensioned Miners' original complaint " * * * misconceives the legal character of the wrong charged, incorrectly identifies the statutory basis of federal jurisdiction and seeks relief to which the plaintiffs are not entitled as against the defendant." The Court held that jurisdiction did not lie for breach of contract under 29 U.S.C. § 301(a), but granted leave to file an amended complaint setting forth a claim upon which relief could be granted and also directed joinder of the Trustees as necessary parties to the suit.

Plaintiffs filed an amended complaint on January 23, 1969, naming the Union and the Trustees as defendants. The prayer for relief contains two requests: (1) that judgment be entered against the Union in favor of the Fund in the amount found to have been lost to the Fund by reason of the Union's failure to properly perform its duties to plaintiffs or by reason of the Union's participation in the fiduciary breaches of the Trustees, and (2) that judgment be entered against the Trustees, representatively and individually, in the amount found to have been lost to the Fund by reason of the failure of the Trustees to properly perform their duties.

Soon thereafter, the Union propounded interrogatories to the Pensioned Miners and sought to take their depositions. The present motion for a Protective Order was then immediately filed. It was soon followed by motions on the part of the Union to dismiss, to strike joinder of the Trustees, and for a more definite statement, and by motions on the part of the Trustees to dismiss, for summary judgment and for a more definite statement. Plaintiffs then propounded interrogatories to the Trustees and supplemental interrogatories to the Union. Both, in turn, filed motions for Protective Orders, and in the meantime both moved for discovery on issues raised by their motions to dismiss, requesting thereby a continuance of the scheduled oral argument on their motions.

### I  Plaintiffs'. Motion for a Protective Order

On February 4, 1965, while plaintiffs were proceeding under their original § 301(a) action, they propounded certain interrogatories to the defendant Union. All but one of the Union's objections to these interrogatories were overruled by this Court by Memorandum and Order dated September 30, 1966. To date, however, these interrogatories remain unanswered, due, of course, to the stay in proceedings as a result of this Court's certification of the jurisdictional issue to the Court of Appeals on October 10, 1966. Plaintiffs have indicated that the intervening events in this case have not changed their desire for the original information requested by their interrogatories. The Union contends, however, that since the Court of Appeals concluded that no jurisdiction originally

existed in this case, the former proceedings were a nullity and consequently that they should not be required to answer plaintiffs' interrogatories.

It is worthy to note at this point that, contrary to the Union's argument, the decision of the Court of Appeals on the question of jurisdiction did not make the prior proceedings in this Court a "nullity." Reliance on Coughlin v. Ryder, 260 F.Supp. 256, 257–258 (E.D.Pa.1966), is misplaced since the foundation case in that opinion, viz., Provident Tradesmens Bank and Trust Co. v. Lumbermens Mutual Casualty Co., 365 F.2d 802 (3d Cir. 1966), was later overruled by the United States Supreme Court, sub nom, Provident Bank v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968). Furthermore, to hold that the prior proceedings were a "nullity" would seriously conflict with Rule 15 of the Federal Rules, which states, in part: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." See also, 28 U.S.C. § 1653. The mere addition of the Trustees as party-defendants does not require a contrary holding. 3 J. Moore, Federal Practice §§ 15.08(5), 15.15(3), 15.15(4.–1-4.–2). It is clear, therefore, the former interrogatories filed by the Pensioned Miners are still valid.

This being so, then, we are faced with an issue of discovery priority since the defendant Union has filed interrogatories and seeks to take depositions of the Pensioned Miners. The specific request of the Pensioned Miners is to defer the Union's discovery attempts until thirty days after the Union replies to plaintiffs' original interrogatories. In my opinion, the plaintiffs' request concerning the Union's interrogatories should be granted, but their request concerning the depositions should be refused.

Generally, in the absence of special circumstances, deposition discovery under the Federal Rules should proceed in the order demanded.[1] Boxer v. Smith, Kline & French Laboratories, 43 F.R.D. 25 (S.D.N.Y.1967); Prodear, S. A. v. Robin International Cinerama Corp., 32 F.R.D. 434 (S.D.N.Y.1963); 27 C.J.S. Discovery § 51c; 4 J. Moore, Federal Practice § 26.13(1). Priority, however, when interrogatories and depositions are both involved, as here, is not so absolute. Struthers Scientific & International Corp. v. General Foods Corp., 290 F.Supp. 122, 128 (S.D.Texas 1968). See also, 1967 Proposed Rule 26(d), Fed. R.Civ.P. Compare Dublin Distributors, Inc. v. Brewing Corp. of America, 8 F.R.D. 236 (S.D.N.Y.1948), with United States Steel Corp. v. United States, 43 F.R.D. 447 (S.D.N.Y.1968). In the latter case, Judge Levet considered the factor of delay as determinative in denying a motion to stay a deposition until interrogatories were answered. This factor weighs heavily in the instant situation. To now postpone the depositions sought by the Union would only add unnecessary delay to the proceedings. It is therefore my conclusion that the depositions should not be stayed pending answer of plaintiffs' interrogatories. Of course, the Union must take proper steps to answer plaintiffs' interrogatories in accord with the Order of this Court on September 30, 1966, since the present proceedings are no longer stayed. Thirty days after receipt thereof, plaintiffs must answer the Union's interrogatories, subject to the ruling which follows in Part II.

---

1. It is true that the plaintiffs failed to obtain an order as required by Rule 30(b) to postpone the Union's deposition on February 12, 1969, but this is not such a fundamental error as to absolutely preclude plaintiffs from seeking a Protective Order. See Rule 1, Fed.R.Civ.P. and Producers Releasing Corp. De Cuba v. PRC Pictures, Inc., 176 F.2d 93 (2d Cir. 1949).

## II  *Class Action*

The present motion by the Pensioned Miners for a Protective Order pursuant to Rules 30(b) and 31(d), Fed.R.Civ.P., presents the first occasion for this Court to discuss Amended Rule 23 relating to class actions. Plaintiffs request this Court to deny the Union's attempt to pursue discovery on the class action issue. Approximately one-third of the Union's interrogatories relate to this issue.

In a prior Memorandum filed in this case on December 31, 1965, this Court held that the suit was " * * * a proper class action under Rule 23(a) F.R.C.P." A subsequent Memorandum filed on September 30, 1966, conformed to this decision. Rule 23, however, was extensively revised in the interim, taking effect on July 1, 1966. 383 U.S. 1031 (1966). In its Order adopting the amended Rules of Civil Procedure, the Supreme Court stated:

> "2. That the foregoing amendments and additions * * * shall take effect on July 1, 1966, and shall govern all proceedings in actions brought thereafter and also in all further proceedings in actions then pending, except to the extent that in the opinion of the Court their application in a particular action then pending would not be feasible or would work injustice, in which event the former procedure applies." 383 U.S. 1031 (1966).

█ For the following reasons, I conclude that application of the Amended Rule would not be feasible and would work an injustice, thereby requiring application of the former Rule: (1) the class action issue has already been the subject of previous extensive discovery efforts between the Union and the Pensioned Miners; (2) the issue has been briefed and argued not only twice before this Court, but before the Circuit Court as well; [2] (3) four months elapsed between the promulgation and the effective date of the Amended Rule, during which time the parties failed to suggest its application although occasions did exist for such a suggestion; (4) it is not difficult to forecast with a certain degree of reliability the maze of delays which will result from allowing discovery under the Amended Rule to both defendants or to one defendant and not the other,[3] thereby further postponing consideration of the merits of this action filed more than four years ago.

█ As far as discovery is concerned under the former Rule 23, the plaintiffs submit, and I agree, that the Trustees are bound to this Court's prior decision by the rule of the law of the case. That doctrine has been defined as a " * * * rule of practice, based upon sound policy that when an issue is once litigated and decided, that should be the end of the matter." United States v. United States Smelting, Refining & Min. Co., 339 U.S. 186, 198, 70 S.Ct. 537, 544, 94 L.Ed. 750 (1950). There is no doubt as to its application to situations where parties to the same case seek to do battle on the same point once more. In my opinion, the doctrine is also binding on parties who had notice and opportunities to be heard on an issue at the time the former decision was rendered. 21 C.J.S. Courts § 195b. Here, the Trustees were in such a position in that they originally raised the question of the propriety of

---

2. It is worth noting that the Union specifically asserted before the Court of Appeals that the absence of the Trustees and of the numerous beneficiaries as defendants in the case was fatal error which precluded this Court from going forward with the case. Significantly, in its opinion, 400 F.2d 103 (3d Cir. 1968), the Court held that the Trustees should be joined as parties to the suit, but made no mention of the need to join all the beneficiaries, which the Union contended was necessary because plaintiffs did not represent all the beneficiaries of the Fund, thereby precluding its designation as a class action.

3. Since persuasive reasons exist for denying the Union's request to apply the Amended Rule, it would be incongruous to allow the Trustees to proceed under it.

the class action in their motion to dismiss and were, in fact, parties to the case during the Union's class action discovery. For these reasons, I deem it proper to foreclose to the Trustees the subject of the propriety of the class action in any discovery methods they may undertake.

### III  Continuance of Defendants' Motion to Dismiss

Originally, the Union filed a motion to dismiss the amended complaint, to strike joinder of the Trustees and for a more definite statement. Part of their motion to dismiss is based on the class action issue. The motions were originally scheduled for argument on the April Motion List, but on request of plaintiffs, they were rescheduled for the March Motion List. Thereafter, the Union moved for discovery on the class action issue prior to argument of its motions and sought a continuance until this was accomplished.

The Trustees also filed a motion to dismiss the amended complaint, for summary judgment and for a more definite statement. Similar to the Union's motion to dismiss, the Trustees' motion was originally scheduled for argument on the April Motion List, but upon request of the plaintiffs, it was rescheduled for the March Motion List. Thereafter, the Trustees moved for a continuance on their motion to dismiss, submitting that insufficient time existed to properly argue their motions, especially the class action issue upon which they desired discovery. The plaintiffs object to any further delay of the argument on the matter raised by the defendants' motions.

Since I have already decided in Part II of this Memorandum that the former Rule 23 applies to the further proceedings in this case, there is no longer any reason for further delay of arguments on the matters raised by defendants' motions. Realizing, however, that discovery will most probably be undertaken by all parties prior to argument, I will not immediately set a date for argument, but will entertain a motion for special argument of the remaining motions when the parties have arrived at an agreeable termination of their discovery efforts.

### IV  Motion of Union and Trustees for Protective Order

The final motions filed in this case were by the defendants. Upon the Trustees' receipt of interrogatories and the Union's receipt of supplemental interrogatories from the plaintiffs, defendants moved for Protective Orders pursuant to Rule 30(b), Fed.R.Civ.P. Specifically, the defendants desire stay of answers to the interrogatories until the defendants' motions to dismiss are decided. They argue that since the defendants might prevail on the jurisdictional question, there should be no need to respond to the plaintiffs' "extensive" interrogatories. I do not agree. Professor Wright has stated in this regard:

"Ever since the days of the former equity bill for discovery there has been applied to discovery 'the principle of judicial parsimony', by which, where one issue may be determinative of a case, the Court has discretion to stay discovery on other issues until the critical issue has been decided. An obvious application of this principle—salutary if applied sparingly and with real discretion rather than as an absolute rule—is that courts may stay discovery on the merits of an action until challenges to jurisdiction have been resolved." 2A Barron & Holtzoff, Federal Practice and Procedure § 715.1 (Wright Ed.)

Considering the length of time which has expired for the case to proceed to the present stage and considering the probability of future delays and multiple depositions, I deem the preferable course of action to be the answering of the plaintiffs' interrogatories with all deliberate speed. In this manner, both the jurisdictional questions and the crucial questions on the merits can be argued and disposed of together. My conclusion,

therefore, is that the defendants' motions for Protective Orders should be denied.

In summary, I have concluded that (1) the Union must answer the interrogatories of the plaintiffs filed on February 4, 1965, and the supplemental interrogatories of the plaintiffs filed on March 7, 1969; (2) thirty days after receipt of these answers, plaintiffs must answer the interrogatories filed by the Union, with the exception of those which relate to the class action issue; (3) the former Rule 23, Fed.R.Civ.P. will continue to apply to the proceedings in this case, thereby foreclosing to both defendants any further discovery on the class action issue; (4) the Trustees must immediately answer the interrogatories of the plaintiffs filed on March 3, 1969; (5) defendant Union's depositions may proceed as scheduled; (6) upon termination of whatever other discovery is undertaken by the parties, I will entertain a motion for special argument of the remaining motions in this case.