**SWEDLOW, INC., a corporation, Plaintiff-Appellant,**

v.

**ROHM & HAAS COMPANY, a corporation, Defendant-Appellee.**

No. 26002.

United States Court of Appeals, Ninth Circuit.

Feb. 11, 1972.

---

James W. Geriak (argued), of Lyon & Lyon, Los Angeles, Cal., for plaintiff-appellant.

Arthur G. Connolly, Jr., Wilmington, Del. (argued), Donald J. Belcher, of Gibson, Dunn & Crutcher, Los Angeles, Cal., Arthur G. Connolly, Arthur G. Connolly, Jr., Rudolf E. Hutz, of Connolly, Bove & Lodge, Wilmington, Del., for defendant-appellee.

Before HAMLEY, MERRILL and BROWNING, Circuit Judges.

PER CURIAM:

I

We adopt the opinion of District Judge Pregerson as follows:

"Plaintiff filed the complaint in this action on November 20, 1969. It seeks declaratory relief against threatened infringement of plaintiff's United States Letters Patent Nos. 3,371,383 and 3,376,371. The complaint alleges that a plant now being built by the defendant in Louisville, Kentucky, will employ the inventions claimed in these patents and will infringe the same when placed in operation. Plaintiff also seeks an injunction giving effect to the declaratory relief sought and enjoining the completion of said plant.

The patents involved herein pertain to an apparatus and a process for the continuous casting of acrylic plastic sheets.

Defendant filed this motion to dismiss on January 23, 1970, and, in addition, sought an injunction enjoining plaintiff from filing or threatening to file further suits against defendant on these same patents in this or any other district unless and until defendant is actually conducting a commercial operation for the continuous production of plastic sheets which plaintiff has reason to believe infringe either or both of the plaintiff's patents.

The conventional role of the Declaratory Judgments Act, 28 U.S.C. § 2201, in the patent field is to protect the alleged infringer from threats by a patent owner who is reluctant to subject its patent to adjudication by suing for infringement. The patent owner has a corollary remedy available, since he may protect his rights by a conventional patent infringement suit.

The Declaratory Judgments Act provides a remedy 'in a case of actual controversy . . . .' Here, the plaintiff does not allege that there is a present or past infringement of his patents, but seeks only a declaration that defendant's acts 'threaten' infringement.

In reality this complaint seeks an advisory opinion that if and when defendant completes the plant now under construction, assuming there are no material changes in the intervening period, the present acts of the defendant not only threaten, but in fact constitute an infringement of plaintiff's patents. The court sees no compelling reason why the Declaratory Judgments Act, which provides the court with a discretionary procedural remedy, should be used to give a patent owner broader substantive rights than

are available under the Patent Statutes.

At this point in time defendant's plant has progressed only to the stage where the floor and shell of the building are in place. Allowing the plaintiff to maintain this action now in California for alleged threats of future infringement in Kentucky is too remote and unduly speculative.

Plaintiff urges the court to adopt the rationale of Proler Steel Corp. v. Luria Bros. & Co., 223 F.Supp. 87 (S.D.Texas 1963), where in a similar case the court denied a motion to dismiss and retained jurisdiction over the matter. A few months later when the plant was finished and in operation the same Texas court decided, in Proler Steel Corp. v. Luria Bros. & Co., 225 F.Supp. 412 (S.D.Texas 1964), on reconsideration of the earlier motion to dismiss, that the most practical solution was to dismiss the case, and suggested that the plaintiff commence a direct action for patent infringement in an appropriate forum.

This court, if the present action were permitted to continue, would ultimately face a similar problem in order to adequately determine the infringement issue. Such a circuitous route to resolve the ultimate issue is unnecessary and the court declines to follow the approach taken in the two *Proler* cases, *supra*.

The same Texas court, in Struthers Scientific & Int. Corp. v. General Foods Corp., 290 F.Supp. 122 (S.D.Texas 1968), resolved a similar problem by retaining jurisdiction but subsequently transferring it to the district where the defendant corporation had been incorporated. The court in *Struthers, supra,* at 129 observed that:

'Though General Foods [the defendant] admits that the process to be performed in Houston is essentially the same as the one being utilized in Hoboken, there is no assurance that the processes will be the same

at the time the Houston plant is finished. The Court takes judicial notice of the fact that technological processes are constantly being modified and improved, especially where new production facilities are concerned. . . .'

On the facts of the case now before the court, it seems clear that events prior to completion of defendant's plant and actual operation may make plaintiff's fears of patent infringement moot. For this and the foregoing reasons the court declines to render what would at this point in time amount to an advisory opinion.

No actual and justiciable controversy presently exists, and this court has no jurisdiction over the present action.

It is therefore ordered that the motion to dismiss is granted. The court declines to rule on the motion for an injunction."

II

We have reviewed the authorities cited on appeal. With the possible exception of Proler Steel Corp. v. Luria Bros. & Co., 223 F.Supp. 87 (S.D.Tex.1963), in every cited case in which an action for a declaratory judgment was permitted, an existing controversy had been manifested by specific acts of alleged infringement or an immediate capability and intent to produce an allegedly infringing item. *See* Welch v. Grindle, 251 F.2d 671 (9th Cir. 1957); Technical Tape Corp. v. Minnesota Mining & Manufacturing Co., 200 F.2d 876 (2d Cir. 1952); Shell Oil Co. v. Aeroseal Corp., 162 U.S.P.Q. 495 (M.D.Pa.1969); General Electric Co. v. Refrigeration Patents Corp., 65 F.Supp. 75 (W.D.N.Y. 1946). In Struthers Scientific & Int. Corp. v. General Foods Corp., 290 F.Supp. 122 (S.D.Texas 1968), it was conceded that the process employed in the plant under construction would be "substantially identical" to that in use in an existing plant.

No such actual or imminent infringement is involved in the present case.

*See* Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc., 439 F.2d 871, 875 (1st Cir. 1971); Wej-It Expansion Products, Inc. v. Langford Tool & Drill Co., 164 U.S.P.Q. 95 (D.Minn.1969).

Affirmed.