PULLMAN INCORPORATED, Plaintiff,

v.

W. R. GRACE & CO., Woodward Chemical Corporation, Fluor Engineers and Constructors, Inc., and Fluor Corporation, Defendants.

No. CIV–75–0713–D.

United States District Court,
W. D. Oklahoma.

March 26, 1976.

Elliott C. Fenton, Larry D. Ottaway, Oklahoma City, Okl., Ned L. Conley, David Alan Rose, Arthur M. Dula, C. J. Donovan, C. W. Crady, Jr., and Kurt S. Myers, Houston, Tex., for plaintiff.

William G. Paul, John J. Griffin, Jr., Harry A. Woods, Jr., Oklahoma City, Okl., and George T. Mobille, Washington, D. C., for defendants Grace and Woodward.

Burck Bailey, Oklahoma City, Okl., Roland N. Smoot, Los Angeles, Cal., for defendant Fluor.

### ORDER

DAUGHERTY, Chief Judge.

Plaintiff is the owner of United States Patent No. 3,441,393 (Patent) entitled "Process for the Production of Hydrogen Rich Gas". Plaintiff alleges that the process covered by said Patent is principally used commercially in the production of ammonia. The instant case arises from the proposed construction of an ammonia plant by Defendants W. R. Grace & Co. (Grace) and its subsidiary Defendant Woodward Chemical Corporation (Woodward) which plant is to be located near Woodward, Oklahoma. In the initial Complaint filed on August 22, 1975, a declaratory judgment was sought for a determination that the process which is intended to be performed by Defendants Grace and Woodward in said plant would be an infringement of Plaintiff's Patent. On October 1, 1975 Plaintiff filed its First Amended Complaint in which Defendants Fluor Corporation and Fluor Engineers And Constructors, Inc. (Fluor) were joined as Defendants on the basis that Fluor will construct the ammonia plant near Woodward, Oklahoma and a declaration is sought that the construction of said plant by Fluor would constitute contributory infringement coupled with the alleged infringement by Defendants Grace and Woodward.

Multiple Motions have been filed in this action. Said Motions are accompanied by Briefs and Responses have been made by the appropriate parties which are also accompanied by Briefs. Said Motions are ruled on by the Court as follows:

### PLAINTIFFS' MOTION TO ENJOIN PROSECUTION

In said Motion, Plaintiff seeks an injunction restraining Defendant Fluor Corporation from prosecuting or taking any further steps in the prosecution of Civil Action No. 75–3286–IH in the United States District Court for the Central District of California. Among the grounds stated in support of the instant Motion, Plaintiff alleges: (1) the present suit was filed first and can dispose of all issues raised in the California action; (2) both actions involve the same Patent; (3) this Court has jurisdiction over all of the parties whereas the California Court does not; (4) that this District is more convenient for the handling of the issues. Other grounds asserted are that a duplication of judicial effort should be avoided, that the first suit filed should take precedence, and that only this Court can dispose of all the issues between all the parties. In a supplement to said Motion, Plaintiff has advised this Court that an Order has been entered in the case pending in the United States District Court for the Central District of California transferring said case to this Court. However, the Court has been further advised that said transfer Order has been appealed to the Ninth Circuit Court of Appeals. Defendants Grace and Woodward although not directly involved in the instant Motion have filed a Memorandum in Opposition thereto.

The Fluor Defendants have filed a Memorandum in Opposition to the instant Motion and in addition have filed a Motion To Dismiss which will be discussed hereafter. Defendants Fluor rely on their contentions raised in support of their Motion To Dismiss in urging that this Court deny Plaintiff's Motion To Enjoin Prosecution. Further, they assert that a similar controversy exists concerning the validity of Plaintiff Pullman's Patent in relation to a plant being constructed by other parties and for other parties in the State of Georgia. Apparently companion litigation is present in California

as to the Georgia plant also and it is thus asserted that judicial economy dictates the litigation be before a single court. In this regard it is urged that the balance of convenience favors Los Angeles, California for the location of said single tribunal. It is suggested in said Memorandum that the instant action could be transferred to the Central District of California pursuant to 28 U.S.C. § 1404(a) for various reasons. However, no Motion for such transfer exists and this Court will not consider such suggestion.

In *O'Hare International Bank v. Lambert*, 459 F.2d 328 (Tenth Cir. 1972) the Court restated the rule it has adopted many times relating to proceedings in multiple Federal District Courts as follows:

"The rule is that the first federal district court which obtains the jurisdiction of the parties and issues should have priority and the second court should decline consideration of the action until the proceedings before the first court are terminated."

The Court further in considering injunctive powers related to such cases stated:

"The only justification for employment of injunctive power by a court in a case such as this is to prevent a misuse of litigation in the nature of vexatious and oppressive foreign suits." *Baltimore & Ohio R. Co. v. Kempner*, supra. [314 U.S. 44, 62 S.Ct. 6, 86 L.Ed. 28 (1941)]

In considering the Motion To Enjoin Defendant Fluor from prosecuting the California action, the Court determines that same should be denied. The record indicates that the action filed by Fluor in the Central District of California was commenced on September 26, 1975 and Plaintiff did not join said Defendant in the instant action until October 1, 1975. Therefore, this Court did not first obtain purported jurisdiction over Defendants Fluor. Further, the Order transferring the California case to this District if affirmed by the Ninth Circuit Court of Appeals would resolve all conflicts as to proceedings in multiple districts.

Finally, as set out hereafter, the Motion To Dismiss on behalf of the Defendants Fluor appears to have merit.

## MOTION TO DISMISS PURSUANT TO RULE 12(b), FEDERAL RULES OF CIVIL PROC OF FLUOR CORPORATION AND FLUOR ENGINEERS AND CONSTRUCTORS, INC.

Contentions raised by the Defendants Fluor in support of their Motion To Dismiss include an assertion that subject matter jurisdiction does not exist in this action under Plaintiff's Complaint as amended on the basis that there was no pre-existing controversy between Plaintiff Pullman and Defendants Fluor and in the absence of an actual controversy a prerequisite does not exist which would be necessary to confer jurisdiction on this Court. In support of this contention, Defendants Fluor rely on the case of *Swedlow, Inc. v. Rohm & Haas Company*, 455 F.2d 884 (Ninth Cir. 1972). In addition Defendants Fluor assert that venue is improper as to said Defendants asserting that the instant action is a suit for patent infringement and the provisions of 28 U.S.C. § 1400(b) apply. Defendants Fluor assert that the service of process on themselves was insufficient.

In its Response to the Motion To Dismiss, Plaintiff contends that the instant Motion should be treated as a Motion For Summary Judgment inasmuch as matters outside the pleadings have been presented and that the Motion should be dismissed because genuine issues of material facts exist. Plaintiff contends that it has made new service of process upon Defendants Fluor and that same is proper and sufficient. In further Response Plaintiff contends that a justiciable controversy does in fact exist. In regard to this contention it is asserted that Defendants Fluor should be estopped from asserting such contention based on their bringing the action in California. It is further urged that the Complaint as Amended states sufficient facts to show such a controversy exists. It is further asserted that the proposed plant will not be changed to a non-infringing process and under said facts a justiciable controversy exists. It is also urged that the potential infringement herein es-

tablishes a justiciable controversy. Plaintiff urges that the holdings in the case of *United States v. Fisher-Otis Company*, 496 F.2d 1146 (Tenth Cir. 1974) support its right to bring this instant declaratory judgment action. Plaintiff urges that venue is proper in this action as to Defendants Fluor on the basis that the instant case is not one for patent infringement, but one relating to patents and that the general venue provisions of 28 U.S.C. § 1391(b) are applicable.

Defendants Fluor have filed a Reply in which they urge they should not be estopped to deny the existence of a justiciable controversy by the bringing of the California action. They urge various factual matters which they contend could make the ultimate decision or determination of the instant case moot. It is urged that it is not proper to assert that the patent will be infringed by a process to be determined by future events which must be predicted and thus require the Court to predict whether the patent in question will be infringed by the plant to be built in Woodward, Oklahoma.

■ The relevant jurisdictional statute appears to be 28 U.S.C. § 1338(a) which provides:

"The district courts shall have original jurisdiction of *any civil actions arising under any Act of Congress relating to patents*, plant variety protection, copyrights and trade-marks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases." (Emphasis added)

In construing said jurisdictional statute in considering the Motion To Dismiss in the instant case, it is determined that the action relates to patents. However, it must be determined whether it further arises under any Act of Congress. In this regard Plaintiff relies on the provisions of the Declaratory Judgment Act, 28 U.S.C. § 2201. Said Statute provides:

"In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

It appears with respect to the instant Motion, that unless Plaintiff has failed to state a claim or does not have a claim which is susceptible of determination under the Declaratory Judgment Act, the subject matter jurisdiction would be proper under the jurisdictional statute relating to acts of Congress relating to patents.

In *United States v. Fisher-Otis Company*, *supra*, the Court stated:

"The essential distinction between a declaratory action and an action seeking other relief is that in the former no actual wrong need have been committed or loss have occurred in order to sustain the action. *Johnson v. Interstate Transit Lines*, 163 F.2d 125 (10th Cir. 1947). The purpose of the Declaratory Judgment Act is to settle actual controversies before they ripen into violations of law or a breach of duty. *Scott-Burr Stores Corp. v. Wilcox*, 194 F.2d 989 (5th Cir. 1952). It is not necessary for the maintenance of this action, therefore, for plaintiff to have proven that defendant placed landfill or structures within the flowage easement area in the past. The test for determining whether or not there is an actual controversy contemplated by the Declaratory Judgment Act is the familiar one stated in *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826, 829 (1941): 'Basically, the question in each case is whether * * * there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' Accord *Golden v. Zwickler*, 394 U.S. 103, 108, 89 S.Ct. 956, 959–960, 22 L.Ed.2d 113, 118 (1969); *Lake Carriers' Assoc. v. MacMullan*, 406 U.S. 498, 506, 92 S.Ct. 1749, 1755, 32 L.Ed.2d 257, 266 (1972)."

In considering the issues contained in the Plaintiff's First Amended Complaint it must be determined if same constitute a controversy of sufficient immediacy and reality in order to warrant the issuance of a declaratory judgment. The other points of the recognized test appear to be met. The relief sought by Plaintiff appears to be a declaration that the process to be performed by Defendants Grace and Woodward in the proposed plant would infringe the Patent in question and the operation of said plant will constitute infringement of same. It is not clear that the requested declaration by Plaintiff concerning such purported infringement requires immediacy based on purported future acts of infringement. It would appear that the purported controversy would not constitute reality until such time as the process is in operation and an actual determination can be made whether the Patent in question is infringed by same.

*Swedlow, Inc. v. Rohm & Haas, Company, supra,* appears to be directly in point. In said case in which the Ninth Circuit Court of Appeals adopted the opinion of the District Court the following discussion was adopted:

"The conventional role of the Declaratory Judgments Act, 28 U.S.C. § 2201, in the patent field is to protect the alleged infringer from threats by a patent owner who is reluctant to subject its patent to adjudication by suing for infringement. The patent owner has a corollary remedy available, since he may protect his rights by a conventional patent infringement suit.

The Declaratory Judgments Act provides a remedy 'in a case of actual controversy . . . .' Here, the plaintiff does not allege that there is a present or past infringement of his patents, but seeks only a declaration that defendant's acts 'threaten' infringement.

In reality this complaint seeks an advisory opinion that if and when defendant completes the plant now under construction, assuming there are no material changes in the intervening period, the present acts of the defendant not only threaten, but in fact constitute an infringement of plaintiff's patents. The court sees no compelling reason why the Declaratory Judgments Act, which provides the court with a discretionary procedural remedy, should be used to give a patent owner broader substantive rights than are available under the Patent Statutes."

In reaching its conclusion, the District Court stated:

"On the facts of the case now before the court, it seems clear that events prior to completion of defendant's plant and actual operation may make plaintiff's fears of patent infringement moot. For this and the foregoing reasons the court declines to render what would at this point in time amount to an advisory opinion.

No actual and justiciable controversy [sic] presently exists, and this court has no jurisdiction over the present action.

It is therefore ordered that the motion to dismiss is granted. The court declines to rule on the motion for an injunction."

The Circuit Court in its discussion stated:

"We have reviewed the authorities cited on appeal. With the possible exception of *Proler Steel Corp. v. Luria Bros. & Co.,* 223 F.Supp. 87 (S.D.Tex.1963), in every cited case in which an action for a declaratory judgment was permitted, an existing controversy had been manifested by specific acts of alleged infringement or an immediate capability and intent to produce an allegedly infringing item. *See Welch v. Grindle,* 251 F.2d 671 (9th Cir. 1957); *Technical Tape Corp. v. Minnesota Mining & Manufacturing Co.,* 200 F.2d 876 (2nd Cir. 1952); *Shell Oil Co. v. Aeroseal Corp.,* 162 U.S.P.Q. 495 (M.D.Pa. 1969); *General Electric Co. v. Refrigeration Patents Corp.,* 65 F.Supp. 75 (W.D.N. Y.1946)."

In the instant action, the Court determines that no actual and justiciable controversy exists as to the matters and allegations contained in Plaintiffs' First Amended Complaint and this Court has no jurisdiction over the matters set out therein.

It is noted that only Defendants Fluor have joined in the instant Motion To Dismiss. However, Defendants Grace and Woodward have filed an Answer and Counterclaim to the First Amended Complaint. In said Answer, Defendants Grace and Woodward state:

"The Court lacks jurisdiction over the subject matter of Pullman's Amended Complaint since such Complaint is premature and hypothetical and fails to state a case or controversy between the parties."

The Defendant's Fluor's Motion To Dismiss pursuant to Rule 12(b), Federal Rules of Civil Procedure, is sustained on the basis this Court lacks subject matter jurisdiction over the First Amended Complaint and said First Amended Complaint is dismissed as to all Defendants. The effect of this dismissal as to the counterclaims asserted by Defendants Grace and Woodward will be considered hereafter in another portion of this Order.

### MOTION FOR ORAL ARGUMENT

Said Motion asserted by Defendants Fluor relates to the previously determined Motion To Dismiss and the Court in its discretion pursuant to Local Rule 13(a), as amended, finds such argument is not necessary in the instant case and said Motion is thus denied.

### PLAINTIFF'S MOTION FOR SEVERANCE AND STAY OF DISCOVERY UNDER FEDERAL RULES OF CIVIL PROCEDURE 42(b)

In said Motion, Plaintiff moves for an Order of the Court severing Defendants Grace and Woodward's First and Second Counterclaims from the issues asserted in the First Amended Complaint and further moves that the Court issue an Order staying all discovery on said Counterclaims. Said Motion has been previously considered by the Court along with a Motion To Compel Discovery which will be discussed hereafter and the Court in its discretion determined that the instant Motion should be denied in all respects and the parties were so notified in order that the discovery involved in the Motion To Compel could be completed. The Court is still of the opinion that said Motion should be denied. However, in light of the fact that the Court has determined that the First Amended Complaint should be dismissed, it appears appropriate at this time to consider the effects of such dismissal on the Counterclaim or Counterclaims which have been asserted herein by Defendants Grace and Woodward.

As is noted in Plaintiff's Motion, or in the Brief in support thereof, Defendants set up as defenses to Plaintiff's action that the Patent in question is invalid and that they have not infringed it. These matters which are obviously defensive to the now dismissed First Amended Complaint are dismissed along with the Complaint. However, two additional points which are set up in the Counterclaim to the effect that Plaintiff Pullman is guilty of misuse of the Patent in question and further that Plaintiff has committed violations of the Anti-Trust Laws in relation to the use of the Patent appear to constitute viable controversies which are not affected by the dismissal of Plaintiff's First Amended Complaint. In the First Counterclaim asserted, Defendants Grace and Woodward have asserted that jurisdiction exists pursuant to 28 U.S.C. § 1338(a) and further state that the Declaratory Judgment Act supplements same. For the Second Counterclaim, Defendants Grace and Woodward assert that jurisdiction exists pursuant to 28 U.S.C. § 1337 and the provisions of 15 U.S.C. § 15 relating to alleged violations of the Anti-Trust Laws.

The authorities indicate that when a Complaint is dismissed, jurisdiction over a Counterclaim may be retained when said Counterclaim seeks affirmative relief and sets out an independent basis for Federal subject matter jurisdiction. *Altvater v. Freeman*, 319 U.S. 359, 63 S.Ct. 1115, 87 L.Ed. 1450 (1943); *Pioche Mines Consol. v.*

*Fidelity-Philadelphia Trust Co.,* 206 F.2d 336 (Ninth Cir. 1953) and *Spivak v. United States,* 254 F.Supp. 517 (S.D.N.Y.1966), affmd. 370 F.2d 612 (Second Cir. 1967), cert. den., 387 U.S. 908, 87 S.Ct. 1690, 18 L.Ed.2d 625. When the surviving Counterclaim is based on the declaratory judgment action, retention of same upon dismissal of the Complaint is discretionary with the Court pursuant to its discretion whether it should entertain declaratory judgment actions. *McGraw Edison Co. v. Preformed Line Products Co.,* 362 F.2d 339 (Ninth Cir. 1966).

The declaratory judgment aspects of the Counterclaim are alleged to constitute an actual controversy based on Plaintiff Pullman's conduct associated with the filing of the instant Complaint. It would appear that such allegations are sufficient to set out the traditional or normal declaratory judgment provisions wherein Defendants Grace and Woodward have been put on notice that the plant they contemplate constructing would infringe Plaintiff's Patent. The issues raised in such Counterclaim relate to alleged misuse of said Patent with an assertion that said Patent and claims thereof are invalid and void apparently because of said misuse. It would appear that Defendants Grace and Woodward's affirmative defenses in which it is asserted that the Patent in question is invalid for other reasons and that its proposed plant will not infringe said Patent would be the proper subjects of a declaratory judgment action against Plaintiff Pullman. Said Defendants will be granted leave to amend their Counterclaim to assert such contentions if desired within the time as set out hereafter. The Court determined that it should retain jurisdiction over both Counterclaims asserted by Defendants Grace and Woodward.

As the matters determined in the instant Order have in effect dissolved the portion of the lawsuit from which the Motion For Severance relates, said Motion is stricken. The stay of discovery which now relates to the only viable issues in the lawsuit is denied.

MOTION OF DEFENDANT W. R. GRACE & COMPANY AND WOODWARD CHEMICALS CORPORATION TO COMPEL DISCOVERY UNDER RULE 37(a), OF THE FEDERAL RULES OF CIVIL PROCEDURE

Said Motion which the Court has previously advised the parties would be sustained related to discovery of matters contained in said Defendants' Counterclaim. The Court is still of the opinion that same should be sustained and it is so ordered.

It is the Court's duty to "look beyond the pleadings and arrange the parties according to their sides in the dispute." *Dawson v. Columbia Ave. Sav. Fund, S.D. Title and T. Co.,* 197 U.S. 178, 180, 25 S.Ct. 420, 421, 49 L.Ed. 713 (1905); *Indianapolis v. Chase National Bank,* 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 (1941). The Court thus determines that Defendants Grace and Woodward shall hereafter be designated as Plaintiffs and Pullman Incorporated is hereafter designated as Defendant. The Counterclaims asserted herein shall constitute the Complaint in this action and the Reply filed by Pullman shall constitute the Answer. Defendants Fluor are dismissed from the action.

It is so ordered this 26th day of March, 1976.