### D.G. RUNG INDUSTRIES, INC., a Washington corporation, and Darrell G. Rung, Plaintiffs,

v.

### Ed TINNERMAN and Jane Doe Tinnerman, husband and wife, and their marital community, d/b/a Service Equipment Company, Defendants.

### No. C85–881D.

United States District Court, W.D. Washington.

Jan. 17, 1986.

Bruce M. Brooks, Garvey, Schubert, Adams & Barer, Seattle, Wash., for plaintiffs.

Bruce Kaser, Seattle, Wash., for defendants.

## MEMORANDUM AND ORDER

DIMMICK, District Judge.

Defendant Ed Tinnerman has moved for dismissal of patent infringement and related state claims brought by D.G. Rung Industries, Inc. and Darrell G. Rung ("Rung"). The Court heard oral argument and has considered the memoranda, affidavits and exhibits filed by counsel.[1] The Court concludes that plaintiff's claim of infringement is not properly before the Court, and therefore dismisses plaintiffs' cause of action.

---

**1.** Plaintiff objects to defendant's filing of a memorandum in excess of the 24–page limitation imposed by Local Rule 7(c). Defendant's arguments against federal subject matter juris-

diction, however, were within the limitation, and it was not necessary for the Court to consider arguments against the state claims.

Rung brings this action under 35 U.S.C. § 271 for patent infringement. In addition, Rung asserts a number of state claims: breach of employee's duty not to divulge confidential materials; violation of RCW 19.108 (protecting trade secrets); violation of RCW 19.86 (engaging in unfair competition); tortious interference with business interests; and conversion. Rung seeks damages and injunctive relief.

This case was first before this Court on May 22, 1985, on Rung's motion for a temporary restraining order. The Court on that date enjoined Tinnerman from among other things manufacturing any equipment which infringed Rung's patents, utilizing any lists or blueprints taken from Rung's files, or revealing any trade secrets acquired while an employee of Rung. Rung and Tinnerman stipulated and agreed to an order for preliminary injunction issued June 20, 1985.

■ In general, the facts of significance to the patent claim are undisputed; only Tinnerman's intent is at issue. Tinnerman was employed by Rung for 7 years. Rung manufactured and repaired machinery, including vulcanizers and belt splitters to which Rung held the patents: United States Patent No. 3969051 for the belt vulcanizer, No. 38303959 for the belt splitter. Shortly after leaving Rung in February 1985, Tinnerman started his own business. He mailed a flyer to Rung's current customers and suppliers, soliciting business for "MACHINERY REPAIR AND REBUILDING", "STEEL, ALUMINUM, STAINLESS STEEL FABRICATING", and "PROTO TYPE MACHINERY AND EQUIPMENT BUILT TO YOUR SPECIFICATIONS." Tinnerman admits that four of the five pieces of machinery illustrated on the flyer are covered by Rung's patents. Tinnerman was not licensed to manufacture, sell or reconstruct any of the pieces of patented machinery.

Rung does not contend that Tinnerman has infringed the patents by actually constructing and selling machinery. Rather, Rung contends that Tinnerman has infringed by manifesting an intent to construct patented machinery as indicated by the mailed solicitations. Further, Rung points to Tinnerman's admitted knowledge of the machines and his ability to duplicate them. In response, Tinnerman does not contest Rung's patent rights, but argues that his contemplated activities will not infringe them. It is undisputed that some repair work and rebuilding could be done on Rung's patented devices without infringing on the patents.

The issue then can be framed as follows: Does an allegation of *intent* to infringe a patent coupled with the ability to infringe state a cause of action under 35 U.S.C. § 271, when there has been no allegation of *actual* production or sale of an infringing device?

Tinnerman moves for dismissal alternatively under Fed.R.Civ.P. 12(h)(1), 12(b)(6) and 12(c). Dismissal is premised on this Court's determination that it lacks subject matter jurisdiction. Whether defendant's motion is considered as falling under Rule 12(b)(1), 12(b)(6) or 12(c) (motion for summary judgment), the Court must consider plaintiff's factual allegations in the most favorable light. Thus, even if plaintiff could prove intent and immediate capability to infringe, plaintiff does not state a case for patent infringement under 35 U.S.C. § 271, the pertinent part of which reads as follows:

(a) Except as otherwise provided in this title, whoever without authority *makes, uses* or *sells* any patented invention, within the United States during the term of the patent therefore, infringes the patent.

(Emphasis added.) [2]

The language of the statute indicates that there can be no patent infringement

2. Rung contends that an independent basis for jurisdiction exists under 28 U.S.C. § 1338(b): The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trademark laws.

where there has been no making, using or selling of an invention. Plaintiff, relies on patent law cases in which courts have issued declaratory judgments, although he does not seek a declaratory ruling. He cites language in *Welch v. Grindle*, 251 F.2d 671 (9th Cir.1957):

> The courts have repeatedly held that actual manufacture, use or sale is not essential and that it is sufficient that the party charged is about to infringe or take some action which is prejudicial to the interests of the patentee.

*Id.* at 678 (citations omitted). *Grindle's* facts, however, distinguish it from the present case. There, plaintiff did not seek relief under section 271, but sought a declaratory judgment that he was the originator of the patent in dispute. He asserted that he was prepared to begin manufacturing and had been threatened by defendant with a patent infringement lawsuit. Thus, the Ninth Circuit upheld the justiciability of the controversy—plaintiff was prejudiced by threatened legal action. The plaintiff's apprehension that he would face a patent infringement lawsuit is thus the "actual controversy" necessary to a declaratory judgment. *See also Societe de Conditionnment v. Engineering Co., Inc.*, 655 F.2d 938, 939 (9th Cir.1981); *Super Products Corp. v. DP Way Corp.*, 546 F.2d 748 (7th Cir.1976).

There is an obvious distinction between the alleged injury of a party threatened with a lawsuit for infringement and the alleged injury of a patent holder. In the typical patent case brought under the Declaratory Judgment Act, 28 U.S.C. § 2201, the plaintiff asserts his intent and ability to produce a product, which defendant contends is a patent infringement. Courts find a justiciable controversy because to do otherwise would leave plaintiff no option but to produce the products and be sued for infringement. The patent holder on the other hand is injured only if actual infringement occurs. His remedy is provided in section 271. This distinction is clear in

*Pullman, Inc. v. W.R. Grace & Co.*, 437 F.Supp. 1062 (W.D.Okla.1976). In *Grace*, plaintiff was the patent holder who sought a declaratory judgment that the process intended for use in defendant's ammonia plant would infringe its patent. The court held that the controversy was not ripe for adjudication since the plant was not in operation. *See also A B Volvo v. Eaton-Kenway, Inc.*, 582 F.Supp. 579 (N.D.Ohio 1984); *Ecodyne Corp. v. Croll-Reynolds Engineering Co.*, 491 F.Supp. 194 (D.Conn. 1979) (denying a patent holder's request for a declaratory ruling and its section 271 claim because the device in question was not completed and ready for sale).

Similarly, the distinction between the real injury suffered by an alleged infringer and the anticipatory injury to a patent holder was recognized by the Ninth Circuit in another declaratory judgment case. *Swedlow v. Rohm & Haas Co.*, 455 F.2d 884 (9th Cir.1972).

> The conventional role of the Declaratory Judgment Act, 28 U.S.C. § 2201, in the patent field is to protect the alleged infringer from threats by a patent owner who is reluctant to subject its patent to adjudication by suing for infringement. The patent owner has a corollary remedy available, since he may protect his rights by a conventional patent infringement suit.

*Id.* at 885. In *Swedlow*, the patent holder contended that defendant's building of a plant threatened to infringe his patents on a device and process for manufacturing plastic sheets. The court observed that alleged threats of future infringement were "too remote and unduly speculative" where defendant's plant was only partially completed. *Id.* at 886.

Plaintiff, however, contends that language in *Swedlow* supports his claim:

> [I]n every cited case in which an action for a declaratory judgment was permitted, an existing controversy had been manifested by specific acts of alleged infringement or an immediate capability

This Court concludes, however, that without the section 271 claim there is no "substantial and

related claim." The state claims do not provide a basis for asserting section 1338(b) jurisdiction.

and intent to produce an allegedly infringing item.

*Id.* at 886 (citations omitted). Rung insists that Tinnerman's flyer indicates an "intent to produce," and affidavits evidence "an immediate capability" to infringe. This Court, however, reads the language quoted from *Swedlow* differently. In the context of a declaratory judgment, where plaintiff is generally the party threatened with action for infringement, it is he who expresses the intent and capability of production which generates a genuine controversy. *See, e.g., Welch v. Grindle, supra.*

Plaintiff also relies on a Ninth Circuit case involving alleged infringement, not an action for declaratory judgment. *Anraku v. General Elec. Co.*, 80 F.2d 958 (9th Cir.1935), *cert. denied*, 298 U.S. 678, 56 S.Ct. 942, 80 L.Ed. 1399 (1936). In *Anraku*, defendant had produced samples of an infringing lamp for purposes of "showing them to trade," but had not sold them. The court held that there was sufficient evidence to justify an injunction against future sales. Again, *Anraku* is distinguishable from this case in that the court there had actual lamps to compare for patent infringement purposes.

In the case before this Court, there simply is no federal controversy ripe for adjudication.

> Ripeness doctrine is invoked to determine whether a dispute has yet matured to a point that warrants decision. The determination is rested both on Article III concepts and on discretionary reasons of policy. The central concern is whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all.

13A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3532, at 112 (1984) (footnote omitted).

There is no patent infringement under 35 U.S.C. § 271 when plaintiff alleges only intent and capability. As patent holder, Rung does not allege an injury which would justify a declaratory judgment. His remedy lies in an action under section 271 only if Tinnerman infringes patents by producing and selling machinery.

Whether this Court characterizes plaintiff's federal question as either unripe or simply not within the contemplated coverage of the statute, jurisdiction does not lie. With dismissal of the federal question, dismissal of pendent state claims is also proper. *See Gibbs v. United Mine Workers*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Tinnerman also seeks imposition of sanctions against Rung and an award of attorney's fees and costs pursuant to Rule 11 of the Federal Rules of Civil Procedure. He alleges bad faith on the part of Rung in filing a suit which is without merit. In support, Tinnerman cites *Chemical Engineering Corp. v. Marlo, Inc.*, 754 F.2d 331 (Fed.Cir.1984). In *Marlo*, the court concluded that plaintiff had acted in bad faith by offering no factual support for its complaint. This Court, however, does not find similar bad faith on the part of Rung.

THEREFORE, plaintiffs' entire cause of action is DISMISSED. Defendant's request for sanctions and award of attorney's fees is DENIED.