904 F.2d 46
 17 U.S.P.Q.2d 1254
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
The TAYLOR-WINFIELD CORPORATION, Appellant,
v.
CLECIM, INC. and Comstock Engineering, Inc. Appellees.
 No. 89-1736.
 United States Court of Appeals, Federal Circuit.
 May 23, 1990.
 
 1
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and LLOYD D. GEORGE, District Judge.*
 
 DECISION
 
 2
 LLOYD D. GEORGE, District Judge.
 
 
 3
 The Taylor-Winfield Corporation ("Taylor-Winfield") appeals from the district court's order dismissing its complaint because it failed to present a justiciable issue of patent infringement under 35 U.S.C. Sec. 271(a). For the reasons set forth below, we affirm.
 
 OPINION
 
 4
 Both parties agree that, at the time the complaint was filed, Clecim, Inc. and Comstock Engineering, Inc. (collectively referred to as "Clecim") had not built the allegedly infringing line welding machine. Nevertheless, Taylor-Winfield argues that Clecim's contract to build the machine amounts to the "sale" of an infringing device within the meaning of Sec. 271(a). In essence, Taylor-Winfield argues that this action is ripe because Clecim has the intent and ability to infringe its '578 and '579 patents in the future.
 
 
 5
 However, before a patentee can maintain an action under Sec. 271(a), the infringing device must actually exist. Lang v. Pacific Marine and Supply Co., Ltd., 895 F.2d 761 (Fed.Cir.1990). Only by considering the finished device, can the court determine whether it truly infringes the patent. The mere intent and ability to infringe in the future does not necessarily mean that Clecim will ultimately infringe. Id.; D.G. Rung Industries, Inc. v. Tinnerman, 626 F.Supp. 1062, 1065 (W.D.Wash.1986). Consequently, in this case, Clecim's contract to build a potentially infringing device is not a sale within the meaning of Sec. 271(a). See Ecodyne Corp. v. Croll-Reynolds Engineering Co., 491 F.Supp. 194, 197 (D.Conn.1979).
 
 
 6
 Taylor-Winfield also seems to argue that since courts can make proper decisions in declaratory judgment actions, patentees should not have to wait until the device is built before bringing an infringement action. But as demonstrated by Lang, the two types of suit are substantially different. Indeed, patent infringement actions are analogous to tort actions. A personal injury plaintiff may not sue the defendants simply because they had the intent and ability to injure the plaintiff in the future. The tortfeasor must actually have injured the plaintiff. Here, Clecim has yet to actually build the machine and injure Taylor-Winfield.
 
 
 7
 The other arguments that Taylor-Winfield raises are without merit. The district court did not consider the merits of the infringement question. It decided only that the line welder at issue did not exist, and that it therefore did not have jurisdiction under Sec. 271(a). As set forth above that decision was proper.
 
 
 8
 Accordingly, the court finds that Taylor-Winfield's complaint does not present a justiciable issue of patent infringement.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Judge Lloyd D. George of the District of Nevada, sitting by designation